UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 523 IP LLC,<br>an Illinois corporation,<br><br>        Plaintiff,<br>v.<br><br>CureMD.Com,<br>a New York corporation,<br><br>        Defendant. | Case No. **11 CIV 9697**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, 523 IP LLC, by its attorneys, complains against defendant CureMD.Com, Inc. as follows:

## STATEMENT OF THE CASE

1. This is an action by 523 IP LLC ("523 IP") against CureMD.Com Inc. ("CureMD") for patent infringement. CureMD manufactures, uses, offers to sell, and sells products, without authority, that infringe upon 523 IP's exclusive patent rights under U.S. Patent No. 7,702,523.

## PARTIES

2. Plaintiff 523 IP LLC is an Illinois corporation with its principal place of business at 2722 Old Glenview Road, Wilmette, IL 60091.

3. Upon information and belief, defendant CureMD is a New York corporation with its principal place of business at 55 Broad Street, New York, NY 10004.

4. Upon information and belief, CureMD is in the business of developing and selling health information management systems and services, including, but not limited to, a patient portal for physicians and their patients.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, this Court has personal jurisdiction over CureMD because, *inter alia*, it transacts business within this District and elsewhere within the state of New York and because CureMD has committed one or more acts of infringement of the '523 Patent in this District and elsewhere in the state of New York.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT

8. On April 20, 2010, U.S. Patent No. 7,702,523 ("the '523 Patent"), entitled "Website Messaging System," was duly and legally issued by the United States Patent & Trademark Office to Joseph Sameh ("Sameh"), who has since assigned all rights in and to the '523 Patent to 523 IP. A true and correct copy of the '523 Patent is attached as Exhibit "A" to this Complaint.

9. The application that issued as the '523 Patent was held patentable by a unanimous Board of Patent Appeals and Interferences, resulting in the issuance of the '523 Patent.

10. 523 IP owns the entire right, title, and interest of the '523 Patent including the right to seek damages for all past infringements.

## COUNT I – PATENT INFRINGEMENT

11. 523 IP realleges paragraphs 1 through 10 as if set forth fully herein.

12. CureMD has been and currently is directly infringing the '523 Patent in the United States by making, using, offering for sale, and/or selling, without limitation, its "Patient Portal" product, and/or other products. See Exhibit B attached hereto.

13. CureMD has been and currently is indirectly infringing the '523 Patent by inducement under 35 U.S.C. § 271(b). CureMD provides its products to health care providers and other end-user customers in the United States who, in turn, install and use CureMD's products. CureMD indirectly infringes the '523 Patent because CureMD has been and is now actively inducing others, such as the end-users of its products, to directly infringe one or more claims of the '523 Patent.

14. CureMD has been and currently is indirectly infringing the '523 Patent by contributing to infringement under 35 U.S.C. § 271(c). CureMD offers to sell or sells within the United States a component of a patented machine, manufacture, or apparatus for use in practicing the patented process, which constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '523 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

15. 523 IP has suffered damages as a result of the infringing activities of CureMD and will continue to suffer damages as long as those infringing activities continue.

16. CureMD will continue to infringe the '523 Patent unless and until it is enjoined by the Court.

17. CureMD has caused and will continue to cause 523 IP irreparable injury and damage by infringing the '523 Patent. 523 IP will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until CureMD is enjoined from infringing the '523 Patent.

CH01/ 25822417.3

## JURY TRIAL DEMAND

18. Pursuant to Federal Rule of Civil Procedure 38, 523 IP hereby demands a jury trial on all issues so triable.

## DEMAND FOR RELIEF

WHEREFORE, 523 IP requests that this Court find that CureMD committed the foregoing and enter judgment for 523 IP awarding:

(a) damages in an amount to be determined;

(b) preliminary and permanent injunctive relief barring CureMD from using in any form the '523 Patent;

(c) a finding that the case is exceptional if warranted by the proofs;

(d) reasonable attorney fees and expenses incurred in connection with this action to the extent permissible by law;

(e) costs of suit; and

(f) such other relief as the Court deems just.

Dated: New York, New York
       December 30, 2011

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: *RM Leonard*
Robert M. Leonard
*robert.leonard@dbr.com*
1177 Avenue of the Americas
41st Floor
New York, New York 10036
(212) 248-3140

-and-

Kenneth K. Dort
Patrick J. Kelleher
DRINKER BIDDLE & REATH LLP
191 N. Wacker Dr. #3700
Chicago, IL 60606
312.569.1000
*kenneth.dort@dbr.com*
*patrick.kelleher@dbr.com*

*Attorneys for Plaintiff 523 IP LLC*