**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 523 IP LLC,<br>    an Illinois corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>CureMD.Com, Inc.<br>    a New York corporation,<br><br>                    Defendant. | **Case No. 11 Civ. 9697 (KPF)**<br><br><br>**STATEMENT OF UNDISPUTED<br>MATERIAL FACTS PURSUANT TO<br>LOCAL CIVIL RULE 56.1(a)** |

Plaintiff 523 IP LLC ("523 IP"), by counsel, pursuant to S.D.N.Y. Local Rule 56.1 and the Court's Individual Rules of Practice in Civil Cases, respectfully submits this Statement of Undisputed Material Facts ("SUMF") in support of its motion for partial summary judgment of liability for literal infringement for Claim 31 of U.S. Patent No. 7,702,523 [**Ex. '1'**] as to CureMD.Com's ("CureMD") Patient Portal and that CureMD's Affirmative Defenses 1 – 6 fail as a matter of law. This SUMF is supported by Exhibits 1-12 attached to the Declaration of Kenneth K Dort. The following is a table of these exhibits for the convenience of the Court.

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | U.S. Patent No. 7,702,523 |
| 2 | Declaration of Joseph Sameh & Sameh Expert Report |
| 3 | Dep. Tr. of Kamal Hashmat (28 March 2013) (excerpts) |
| 4 | CureMD's Answer to Amended Complaint |
| 5 | May 17, 2013 Status Hearing Transcript |
| 6 | Dep Tr. Of Kamal Hashmat (11 Sept. 2013) (excerpts) |
| 7 | Patient Portal User Guide |
| 8 | CureMD Billing User Guide |
| 9 | CureMD Clinical User Guide |
| 10 | CureMD Front Desk User Guide |
| 11 | CureMD's Interrogatory Answers |
| 12 | CureMD's Response to 523 IP Claim Charts & CureMD Framework<br>("CureMD's Claim Chart") |

## I.     THE INVENTION AND THE PARTIES

**1.**     Joseph Sameh filed U.S. Patent Application No. 10/115,393, entitled "Website Messaging System" on April 3, 2002.

**Citation:** Ex. '1' (Patent), Ex. '2' ¶ 28 (Sameh Report).

**2.**     Prosecution of the application took eight years and culminated in a unanimous ruling in favor of the invention by the Board of Patent Appeals and Interferences.

**Citation:** Ex. '2' ¶ 28 (Sameh Report).

**3.**     On April 20, 2010, the United States Patent and Trademark Office issued U.S. Patent No. 7,702,523 ("'523 Patent") to Joseph Sameh.

**Citation**: Ex. '1' (U.S. Patent No. 7,702,523).

**4.**     Patent Term Adjustment time (PTA) is awarded to compensate an inventor for excessive delays by the United States Patent and Trademark Office.  The average award in 2010 was 600 days.

**Citation**: Ex.'2' ¶¶ 29, 30 (Sameh Report).

**5.**     The '523 Patent received a PTA of 2,444 days.

**Citation**: Ex.'2' ¶¶ 29, 30 (Sameh Report).

**6.**     On February 11, 2011, Joseph Sameh assigned all his rights in the '523 Patent to 523 IP LLC ("523 IP").

**Citation**: Ex. '2' ¶ 32 (Sameh Report).

**7.**     Mr. Sameh is the managing partner of 523 IP.

**Citation**: Ex. '2' ¶ 32 (Sameh Report).

2

**8.**     Joseph Sameh founded NeedMyDoctor Company, which practices the '523 Patent.

**Citation:** Ex '2' ¶ 27 (Sameh Report).

**9.**     Kamal Hashmat was CEO of CureMD.com ("CureMD"), a New York Corporation.

**Citation:** Ex. '3' at 8:9-14 ((Dep. Tr. of Kamal Hashmat) (28 March 2013)).

**10.**     CureMD began marketing the Patient Portal in 2007.

**Citation**: Ex. '3' at 58: 21-25 ((Dep Tr. of Kamal Hashmat) (28 March 2013)).

**11.**     The Patient Portal is a "bulletin board that doctors can give patients access to where they can – it's a sticky pad that they can go in and write a message, write a sticky note for the doctor."

**Citation**: Ex. '3' at 59:10-20 (Patient Portal Press Release), 23: 16-12 (bulletin board) ((Dep Tr. of Kamal Hashmat) (28 March 2013)).

**12.**     The Patient Portal was sold initially as an "add-on" service to the CureMD All-In-One suite of products.  Beginning in 2013, the Patient Portal was included as part of the "core suite."

**Citation**: Ex. '3' at 31:1-25, 32:1-13 ("add-on" service), 32:7-9 ("core suite") ((Dep Tr. of Kamal Hashmat) (28 March 2013)).

## II.     PROCEDURAL HISTORY

**13.**     523 IP's expert witness, Joseph Sameh, was designated an expert prior to the February 15, 2013 deadline.  CureMD did not designate any experts prior to the deadline.

**Citation**: Ex. '5' at 7 (Status Hearing May 17, 2013).

3

**14.**     At the May 17, 2013 Status Hearing, Judge Pauley ruled it was too late for CureMD to designate any experts in this matter.

**Citation:** Ex. '5' at 7 (Status Hearing May 17, 2013).

### III.     JURISDICTION AND VENUE

**15.**     This court has subject matter jurisdiction over this matter under at least 28 U.S.C. §§ 1331 and 1338(a).

**Citation**: Ex. '4' ¶ 5 (Ans.).

**16.**     This court has personal jurisdiction over CureMD because it transacts business within this district and elsewhere within the state of New York.

**Citation**: Ex. '4' ¶ 6 (Ans.).

**17.**     Venue is proper in this district pursuant to 28 U.S.C. §§ 1931 and 1400(b).

**Citation**: Ex. '4' ¶ 7 (Ans.).

### IV.     PROVING INFRINGEMENT

**18.**     Mr. Sameh published more than twenty five technical and industry opinion articles, and authored two textbook sections.

**Citation**: Ex.'2' ¶ 3 (Sameh Report).

**19.**     Mr. Sameh reviewed the source code produced by CureMD during discovery. Mr. Sameh also reviewed the CureMD Billing User Guide, Clinical User Guide, Front Desk User Guide, Services User Guide and the Patient Portal User Guide.

**Citation**: Ex.'2' ¶¶ 64, 67 (Sameh Report).

**20.**     Mr. Sameh's examination found CureMD's Patient Portal product infringes the '523 Patent.

**Citation**: Ex. '2' ¶ 90 (Sameh Report).

4

**21.**     The Patient Portal is a tool for "Online Doctor Patient Collaboration."

<u>Citation</u>: Ex. '2' at Claim Chart p. 1 (Sameh Report).

**22.**     The Patient Portal allows a patient to send a message to a doctor.

<u>Citation</u>: Ex. '6' at 156:12-17 ((Dep Tr. Of Kamal Hashmat)(11 Sept. 2013)).

**23.**     When a patient presses "to" or "cc" on the Patient Portal message form, several destination options, including doctors, appear.

<u>Citation</u>: Ex. '2' ¶ 68 (Sameh Report).

**24.**     CureMD uses Microsoft ASP.NET programing framework, which is a web development tool that helps programs run on the internet.

<u>Citation</u>: Ex. '2' ¶ 69 & Claim Chart p. 1 (Sameh Report).

**25.**     When a patient selects the "compose" link in the Patient Portal, a form is downloaded and displayed on the screen.

<u>Citation</u>: Ex. '2' ¶ 72 (Sameh Report).

**26.**     The source code of the patient portal creates this standard message form.

<u>Citation</u>: Ex. '2' ¶ 72 (Sameh Report).

**27.**     When a patient hits "send a message," a list of practice staff along with their role in the practice, appears.

<u>Citation</u>: Ex. '2' ¶ 73 (Sameh Report).

**28.**     The Patient Portal User Guide states an administrator can "configure the access rights to specify what information users can see on the Patient Portal."

<u>Citation</u>: Ex. '7' at 18 (Patient Portal User Guide).

**29.**     When asked if anyone can see personal notes to doctors, Mr. Hashmat pointed out "[i]t depends on the rights that this person has."

<u>Citation</u>: Ex '3' at 65:22-23 ((Dep Tr. Of Kamal Hashmat)(28 March 2013)).

**30.** The CureMD software permits an administrator (under the supervision of a physician) to establish roles and privileges for the practice staff.

**Citation**: Ex. '2' at Claim Chart p. 3 (Sameh Report).

**31.** The CureMD Billing User Guide and the Clinical User Guide state "the modules you see depend on the access that has been granted to you by the Administrator."

**Citation**: Ex. '2' at Claim Chart p. 3 (Sameh Report); Ex. '8' at 4 (Billing User Guide); Ex. '9' at 4 (Clinical User Guide).

**32.** The CureMD Patient Portal User Guide and CureMD Front Desk User Guide both state that "the modules you see depend on your access level."

**Citation**: Ex. '7' at 4 (Patient Portal User Guide); Ex. '10' at 4 (Front Desk User Guide).

**33.** Criteria are provided to allow people with appropriate rights to see specific messages.

**Citation**: Ex. '2' ¶ 74 (Sameh Report).

**34.** The routing and delivery of the messages occur through the modules that each employee can access.

**Citation:** Ex. '2' ¶ 74 (Sameh Report).

**35.** Patients can send messages to their physicians via the Patient Portal.

**Citation**: Ex. '2' at Claim Chart p. 4 (Sameh Report).

**36.** The Patient Portal source code creates the "compose" form that is downloaded by the patient from the CureMD website.

**Citation**: Ex. '2' at Claim Chart p. 4 (Sameh Report).

6

37.     The forms in the CureMD All-In-One system are returned to the website as a message to the physician.

**Citation**: Ex. '2' ¶ 80 (Sameh Report).

38.     A patient enters data onto the form and clicks "send" on the form page which activates a function of the Patient Portal code.  This function verifies the message recipients, uploads attachments, and places the data into the object called "objPatUsermsg" and then adds the message contents into the message database.

**Citation**: Ex. '2' at Claim Chart p. 5 (Sameh Report).

39.     Messages, such as the management and processing of appointment request, information update requests, and registration requests, are uploaded to the website.

**Citation**: Ex. '2' ¶ 81 (Sameh Report); Ex '7' at 28 (Patient Portal User Guide).

40.     In the Patient Portal, information content of the message received is determined from the form requested by the patient.

**Citation**: Ex. '2' at Claim Chart p. 6 (Sameh Report).

41.     When the patient chooses the type of message they would like to send, the system downloads that form specific to the requestor/patient.

**Citation**: Ex. '2' at Claim Chart p. 6 (Sameh Report).

42.     When a patient sends a registration request, the provider staff may accept or reject that request.

**Citation**: Ex. '7' at 27 (Patient Portal User Guide).

43.     Access to each type of message is controlled by the relevant module within the CureMD software, the settings of which are administered by the physician.

**Citation**: Ex. '2' at Claim Chart p. 6 (Sameh Report).

**44.** CureMD's Billing User Guide, CureMD Clinical User Guide, CureMD Front Desk User Guide, and CureMD Patient Portal User Guide all show that messages can be processed only within their relevant software module.

**Citation**: Ex. '2' ¶ 83 (Sameh Report).

**45.** Privileges are built into the CureMD software, and allow staff members to have access to different modules and different messages.

**Citation**: Ex. '2' at Claim Chart p. 8, 9 (Sameh Report).

**46.** Messages are only processed within the software module to which they are relevant.

**Citation**: Ex. '2' ¶ 83 (Sameh Report).

**47.** The CureMD software determines the message content by the form requested and returned, and recognizes and matches each particular form to the corresponding software module among the plurality of available modules.

**Citation**: Ex. '2' ¶ 83 (Sameh Report).

**48.** The CureMD system directs each message to the appropriate staff members only and not to other staff members.

**Citation**: Ex. '2' ¶ 84 (Sameh Report).

8

49.     A complete list of the roles included in the CureMD software is shown in the

following table:

| RolePersonalRights | GetUserPatientRights | GetSetUserClinicalRights |
|---|---|---|
| Result | RPatient | Clinical Overview |
| Eligibility | RFinancials | History |
| ReviewSOAP | RRefferals | Diagnoses |
| PatientResponse | RProviderNote | Case Review |
| Reminders | RScheduling | Memos |
| Schedules | RDemographics | Complaints |
| Immunizations | RAddPatient | Vitals |
| eRx | RSignOffNote | Orders and Results |
| Electronic Results | RConfidential | Flow Sheet |
| BillingAlerts | RunSignNote | Dates |
| Today Patients | DeleteProviderNote | Allergies |
|  | Merge Patient | ROS |
|  | RunSignOrder | Immunization |
| **KPIsRoleRights** | BlockPatientScheduling | Tasks |
| AccountsReceivable | CustomizeDrugInteractionNotices | School Forms |
| ARCollectionPeriod | RPrescribe | Medications |
| CapacityUtilization | RMessages | Physical Exam |
| ChargesPaymentsBenchmark |  | Exposure |
| CoPayCollected |  | Reminders |
| PatientVisits |  | Print Chart Report |
| TopDiseases |  | IQMark Reports |
| TopProcedures |  | Overridden Alerts |
| RevenueCollected |  | Custom Forms |
| RevenueCollectionRatio |  | Clinical Alerts |
| Denials |  | Order Sets |
| Rejection |  | Oncology Care |
| RVUAnalysis |  |  |
| MeaningfulUseCmpliance |  |  |

**Citation**: Ex. '2' at Figure 10 (Sameh Report).

50.     Different members of a practice have access to different message types.

**Citation**: Ex. '2' ¶ 86 (Sameh Report).

51.     For instance, a clinical staff member may have access to prescriptions, but not to

billing or secretarial functions.

**Citation**: Ex. '2' ¶ 86 (Sameh Report).

**52.**     This is illustrated in the Patient Portal User Guide:



**Figure 1: CureMD**

**Citation**: Ex. '7' at 4 (Patient Portal User Guide).

10

**53.**     Additionally, a staff member may see the following image:



The staff member who sees this image has 48 prescription requests that are visible.  This image is only seen by the authorized staff members and not by every staff member.

**Citation**: Ex. '9' at 56 (Clinical User Guide).

**54.**     A routing processor routes a message to a selected message destination and not to other destinations based on that message's information content and routing criteria provided by the physician.

**Citation**: Ex. '2' ¶ 88 (Sameh Report).

## V.     CUREMD'S DEFENSE THEORIES.

**55.**     523 IP asked CureMD to identify and describe its non-infringement defense defense in Interrogatory Nos. 6, 7, and 8.  In its answer, CureMD pointed to documents Bates No. 1005-1010 and 1382-1390 only.

**Citation**: Ex. '11' at 7-9 (Interrog. Ans. Nos. 6, 7, 8), Ex. '12' (Doc. Bates No. 1005-1010 and 1382-1390).

**56.** 523 IP asked CureMD to identify and describe its invalidity defense in Interrogatory 9.

**Citation**: Ex. '11' at 10-11 (Interrog. Ans. No. 9).

**57.** In response, CureMD answered,

> At least asserted claim 31 is anticipated and obvious under 35 U.S.C. §§ 102 and 103, respectively, in light of prior art, patents, publications and other information, either alone or in combination. CureMD also answers that it will produce expert reports and documents from which the answer to this Interrogatory may be derived or ascertained pursuant to Fed.R.Civ.P. 33(d) and the Court's Case Management and Scheduling Order.

**Citation**: Ex. '11' at 10-11 (Interrog. Ans. No. 9); Ex. '12' (Doc. Bates No. 1005-1010 and 1382-1390).

**58.** 523 IP asked CureMD to provide proof of the defenses of prosecution history estoppel, latches, estoppel, acquiescence, waiver, and unclean hands in response to 523 IP's Interrogatory 12.

**Citation**: Ex. '11' at 13-14 (Interrog. Ans. Nos. 11, 12).

**59.** In response to Interrogatory 11 and 12, CureMD objected, and pointed to the PTO Office action mailed October 30, 2009, the language in the claims, written description, specifications and figures in the Patent-In-Suit, and incorporated by reference responses to Interrogatory Nos. 2, 3, 4, 6, and 7.

**Citation**: Ex. '11' at 13-14 (Interrog. Ans. Nos. 11, 12).

**60.** 523 IP asked CureMD to provide proof of the "unclean hands" defense in response to 523 IP's Interrogatory 13.

**Citation**: Ex. '11' at 14-13 (Interrog. Ans. No. 13).

**61.** In response to Interrogatory 13, CureMD objected and incorporated by reference responses to Interrogatory Nos. 2, 3, 4, 6, and 7.

**Citation**: Ex. '11' at 4-8 (Interrog. Ans. Nos. 2, 3, 4, 6, 7).

**62.**     In response to Interrogatory No. 2, CureMD,

> [O]bjects to Interrogatory 2 on the grounds that it is vague, unduly
> burdensome, irrelevant, and not reasonably calculated to lead to
> the discovery of admissible evidence. Without waiving these
> objections and the General Objections set forth above, CureMD
> states that the documents identified by Bates Nos. 1092-1095 and
> 1368-1372 provide information responsive to this Interrogatory.

**Citation**: Ex. '11' at 4 (Interrog. Ans. No. 2).

**63.**     In response to Interrogatory No. 3, CureMD,

> [O]bjects to Interrogatory 3 on the grounds that it is vague, unduly
> burdensome, irrelevant, and not reasonably calculated to lead to
> the discovery of admissible evidence. Without waiving these
> objections and the General Objections set forth above, CureMD
> states that the documents identified by Bates Nos. 1092-1095 and
> 1368-1372 provide information responsive to this Interrogatory.

**Citation**: Ex. '11' at 4 (Interrog. Ans. No. 3).

**64.**     In response to Interrogatory 4, CureMD

> [O]bjects to Interrogatory No. 4 on the ground that it is vague,
> unduly burdensome, irrelevant and not reasonably calculated to
> lead to the discovery of admissible evidence. Without waiving
> these objections and the General Objections set forth above,
> CureMD incorporates by reference its responses to Interrogatory
> Nos. 2 and 3 above.CureMD further states with regard to a
> description of the product, technology and/or software see
> documents by Bates Nos. 1001-1004, 1012- 1091, and 1359-1365.
> CureMD further states for the identity of the royalty or other
> payments for sales and/or licensing of the product, technology
> and/or software see documents Bases Nos. 1234-1358.

**Citation**: Ex. '11' at 5 (Interrog. Ans. No. 4).

65. In response to Interrogatory 6, CureMD,

> [O]bjects to Interrogatory No. 6 on the ground that it is vague, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. CureMD further objects to this Interrogatory on the grounds that it is premature, that discovery, including claim construction and expert discovery, is ongoing, and that the Court has not yet construed the claims of the asserted patent as a matter of law. CureMD also objects to this Interrogatory on the grounds that the reports, opinion, and conclusions of the parties' expert witnesses have not yet been provided pursuant to the Court's Case Management and Scheduling Order. CureMD further objects to this Interrogatory to the extent that it calls for a legal conclusion and/or seeks attorney work product. Subject to and without waiving the foregoing general and specific objections, CureMD answers that documents Bates Nos. 1005-1010, and 1382- 1390 set forth the factual basis and explanation for its denial that it is infringing the Patent-in-Suit. CureMD further answers that it has not made, used, sold, offered to sell, or imported and is not making, using, selling, offering to sell, or importing any product that meets each limitation of the claims of the Patent-in-Suit, either literally or under the doctrine of equivalents.

**Citation**: Ex. '11' at 6-7 (Interrog. Ans. No. 6).

**66.**    In response to Interrogatory 7, CureMD,

> [O]bjects to Interrogatory No. 7 on the ground that it is vague, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. CureMD further objects to Interrogatory No. 7 on the ground that it is vague, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and the General Objections set forth above, CureMD states that it has not commissioned an act that constitutes inducement for several reasons, including, but not limited to the following:
>
> > (1) CureMD's Patient Portal Product has a substantial non-infringing use;
> >
> > (2) CureMD had no knowledge of the Patent-in-Suit until it first received correspondence about the Patent-in-Suit from plaintiff dated April 6, 20 1 1; and
> >
> > (3) When CureMD learned of the existence of the Patent-in-Suit, it notified plaintiff's counsel of the differences between CureMD's Patient Portal Product and the limitations of the claims of the Patent-in-Suit.

**Citation**: Ex. '11' at 7-8 (Interrog. Ans. No. 7).

Dated: February 28, 2014
New York, NY

Respectfully Submitted,

DRINKER BIDDLE & REATH LLP

By: _____
Clay J. Pierce

1177 Avenue of the Americas
41st Floor
New York, NY 10036
Tel:  (212) 248-3186
Clay.Pierce@dbr.com

-and-

Kenneth K. Dort
(admitted *pro hac vice*)
Patrick Kelleher
(admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL  60606-1698
Tel: (312) 569-1000
Kenneth.Dort@dbr.com
Patrick.Kelleher@dbr.com

*Counsel for Plaintiff 523 IP LLC*

16