**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 523 IP LLC,<br>　　　an Illinois company,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>CureMD.Com, Inc.<br>　　　a New York corporation,<br><br>　　　　　　　　Defendant. | **Case No. 11 Civ. 9697 (KPF)** |

**523 IP LLC'S RESPONSES TO**
**CUREMD'S STATEMENT OF FACTS**

Clay J. Pierce
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
41st Floor
New York, NY  10036

Kenneth K. Dort
Patrick J. Kelleher
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive
Suite 3700
Chicago, IL  60606

April 25, 2014

Plaintiff 523 IP LLC ("523 IP"), by its undersigned counsel, hereby submits its Reply to CureMD.com's Statement of Facts in connection with CureMD's motion for summary judgment.

1. On December 30, 2011, 523 IP LLC ("523 IP") filed a patent infringement action against CureMD for infringement of U.S. Patent No. 7,702,523 ("the 523 patent"). (Doc. No. 1)

**Response: Undisputed.**

2. On June 21, 2012 523 IP filed an amended complaint against CureMD for infringement of the '523 patent. (Doc. No. 10)

**Response: Undisputed.**

3. On August 2, 2012 CureMD filed an answer to the amended complaint denying the allegation of infringement and asserted affirmative defenses including non-infringement and invalidity of the '523 patent. (Doc. No. 15)

**Response: Undisputed.**

4. The '523 patent includes 35 claims in which claims 1, 16, and 31 are independent claims. (Ex. A)

**Response: Undisputed.**

5. Claim 31 of the '523 patent is the only claim 523 IP asserts is being infringed by CureMD. (Doc. No. 10)

**Response: Undisputed.**

6. 523 IP alleges that CureMD's Patient Portal product infringes claim 31 of the '523 patent, and no other product of CureMD is alleged to infringe the '523 patent. (Doc. No. 10)

**Response: Undisputed.**

7. Attached to the amended complaint is a claim chart ("523 IP claim chart") that identifies CureMD's Patient Portal product as the infringing product. (Doc. No. 10)

**Response:**

*Undisputed.* **It is undisputed that a preliminary claim chart was attached to the amended complaint.**

*Disputed.*  **523 IP's final infringement contentions and claim chart were produced as part of Joseph Sameh's Expert Report.  *See* Ex. '2' (Sameh Report).[1]**

8.  In a letter dated April 6, 2011 addressed to Fraz Wahlah at  CureMD, counsel for 523 IP alleged that CureMD is using the patented technology of the '523 patent in the CureMD Patent Portal.  (Hashmat Dec. ¶5)

**<u>Response</u>: Undisputed.**

9.  The April 6, 2011 letter to Fraz Wahlah included a preliminary claim chart applying claim 31 to the elements of the Patient Portal product.  (Hashmat Decl. ¶5)

**<u>Response</u>: Undisputed.**

10.  In response to the April 6, 2011 letter from 523 IP's counsel, Bilal Hashmat of CureMD forwarded a response on July 12, 2011 to 523 IP's counsel denying the allegation of infringement and identifying the features of claim 31 that are not present on the Patient Portal product.  (Hashmat Decl. ¶6 [sic ¶ 7])

**<u>Response</u>:**

*Objection.*  **The cited statement is not supported by admissible evidence.  Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus, is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   The statement is also irrelevant and therefore inadmissible.   Fed.R.Evid. 402.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.**

---

[1]      Exhibits 1-12 are attached to Kenneth K. Dort's declaration filed on February 28, 2013 [Dkt. 51], and Exhibits 13-18 are attached to the Declaration of Patrick J. Kelleher filed concurrently with this Response.  All other exhibits are included in Defendant's papers.

*Undisputed*.  It is undisputed that Bilal Hashmat forwarded a response on July 12, 2011 to 523 IP's counsel which on its face purported to "deny[] the allegation of infringement and identify[] the features of claim 31 that are not present in the Patient Portal product."

*Disputed.*  Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.  *See* 523 IP Memorandum of Law in Support of its Motion for Summary Judgment ("523 IP Motion") Dkt. #54 p. 7-15; Ex. '2' Claim Chart p. 1-11 (Sameh Report).  The features identified by Mr. Hashmat are not features pointed to by 523 IP as satisfying the claim limitations, therefore Mr. Hashmat's statement is also irrelevant.  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

11.  Mr. Hashmat in his July 12, 2011 correspondence to 523 IP's counsel asserted that the Patient Portal product does not engage in any form of routing and all information is stored in a single database regardless of the content of the message thereby eliminating the need for any routing requirement.  (Hashmat Decl. ¶8)

**Response:**

*Objection.*  The cited statement is not supported by admissible evidence.  Fed.R.Civ.P. 56(c)(2).  Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.

*Undisputed*. It is undisputed that Bilal Hashmat forwarded a response on July 12, 2011 to 523 IP's counsel which on its face purported to "assert[] that the Patient Portal product does not engage in any form of routing and all information is stored in a single database regardless of the content of the message thereby eliminating the need for any routing requirement."

*Disputed*. Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal Product does engage in routing.  *See*  Dkt. #54 p. 8-9, 10-13 (523 IP Motion), Ex. '2' Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

12.  In a letter dated August 26, 2011 523 IP's counsel requested that CureMD provide supporting documentation describing the details of the CureMD system and explained why the CureMD system cannot infringe the '523 patent.  (Hashmat Decl. ¶10)

**Response**:

*Undisputed*. 523 IP's counsel sent CureMD a letter on August 26, 2011 requesting supporting documentation describing the details of the CureMD system.

*Disputed*.  In the April 26, 2011 letter, 523 IP's counsel requested CureMD provide supporting documentation describing the CureMD system and *explain* why CureMD believed it is not infringing the '523 Patent. This statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

13.  On November 3, 2011 523 IP's counsel forwarded a draft of a complaint (without exhibits) to CureMD, alleging infringement of the '523 patent by CureMD and demanding copies of materials on all instruction and installation materials and provide access to an installation to enable 523 IP to examine the Patient Portal product.  (Hashmat Decl. ¶¶11, 12)

**Response**: Undisputed.

14.   In response to the 523 IP claim chart for claim 31, Bill Hashmat prepared and forwarded to 523 IP a claim chart, explaining why the Patient Portal features shown in the 523 IP claim chart are not present on the Patient Portal product.  (Hashmat Decl. ¶15)

**Response:**

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.**

*Undisputed.*  **It is undisputed that Bilal Hashmat forwarded a claim chart which on its face purported to "explain[] why the Patient Portal features shown in the 523 IP claim chart are not present on the Patient Portal product."**

*Disputed.*  **Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.   *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

15.   In the 523 IP claim chart the screen shot for element 1 of claim 31, routing a message, does not support 523 IP's conclusion that messages are routed from a requestor to a physician with Patient Portal.  (Hashmat Decl. ¶16)

**Response**:

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.**

*Disputed.* **Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal Product does contain element 1 of the '523 Patent.  *See* Dkt. #54 p. 7 (523 IP Motion); Ex. '2' Claim Chart p. 1 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

16.   With the Patient Portal product all messages from patients are stored in the same unified database system and the messages are not automatically routed based on content or routing criteria.  (Hashmat Decl. ¶16)

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from**

disclosing or relying upon any expert testimony at this stage. To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay. Fed.R.Evid. 802.

*Undisputed*. It is undisputed that the messages are stored in, among other locations, a database.

*Disputed*. Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal does engage in routing, which is evidenced by the fact that only staff members with specific privilege can see specific messages that other staff members cannot. *See* Dkt. #54 p. 11-13 (523 IP Motion); Ex. '2' ¶¶ 74-77 (Sameh Report); Ex '9' at 56 (Clinical User Guide). Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

17. The screen shots for elements nos. 2 and 3 in the 523 IP claim chart do not show a plurality of message destinations for the Patient Portal product. (Hashmat Decl. ¶17)

**Response**:

*Objection*. The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2). Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible. Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701. Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage. To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any

matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed*.  Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal contains element 2 and 3 of the '523 patent, including 'a plurality of message destinations.'  *See* Dkt. #54 p. 8-9; Ex. '2' at Claim Chart p. 2-3 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

18.  The patient selects from a list of users where the message is to be sent for Patient Portal.  (Hashmat Decl. ¶17)

**Response:**

*Objection*.  The cited statement is not supported by admissible evidence. Fed.R.Civ.P.  56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Undisputed*.  It is undisputed that a "patient selects from a list of users where the message is to be sent for the Patient Portal."

*Disputed*.   Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, a patient using the Patient Portal provides content which is used

with a criteria is provided by the physician to route the messages to the destinations.  *See* Dkt. #54 p. 7-13 (523 IP Motion); Ex. '2' at Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

19.  For Patient Portal only the user name is disclosed, there is no email address or office address and no criteria for routing the message.  (Hashmat Decl. ¶17)

**Response**:

*Objection.*  The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  Further, the statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed.*  Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal Product does engage in routing using criteria. *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

20.  With Patient Portal, the patient selects a user from a list of users and the message is saved in the database for the user to whom it is addressed.  (Hashmat Decl. ¶17)

**Response**:

*Objection*.  The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Undisputed*.  It is undisputed that messages are stored, among other places, in a database.

*Disputed*.  Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the messages are saved in a database, however they are still routed to the appropriate destination based on a content processor which determines the information content of the message and selects a message destination from a plurality of message destinations by matching the routing criteria of the selected destination with the determined information content.  *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 6 (Sameh Report).  Additionally, this is evidenced by the fact that only staff members with specific privileges can see specific messages and other staff members cannot.  *See* Ex. '2' ¶¶ 74-77 (Sameh Report); Ex '9' at 56 (Clinical User Guide).  Mr. Hashmat's

inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

21.  With Patient Portal, there is no criterion, logic or algorithm for content processing. (Hashmat Decl. ¶17)

**Response**:

*Objection.*  The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   Further, the statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed.*  Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, a determination of the message information content allows the message to categorized according to the appropriate module capable of processing the message.   After the content is categorized, the Patient Portal engages in routing the message to the proper destination, which is evidenced by the fact that only staff members with specific privileges can see specific messages. *See* Dkt. #54 p. 7-13 (523 IP Motion); Ex. '2' ¶ 83 (Sameh Report); Ex '9' at 56 (Clinical User Guide). Mr. Hashmat's inadmissible

and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

22.  The screen shots relied upon by 523 IP to support the presence of elements nos. 4 and 5 of claim 31 directed to downloading a form from a website do not disclose a downloadable form.  (Hashmat Decl. ¶18)

**Response**:

*Objection.*  The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed.*  Contrary to CureMD's statement and Mr. Hashmat's declaration, the Patient Portal infringes element 4 and 5 of the '523 patent, including 'a form' downloaded from a website. *See* Dkt. #54 p. 9-10 (523 IP Motion); Ex. '2' at Claim Chart p. 4-5 (Sameh Report).  Furthermore, Mr. Hashmat himself points out the presence of a form in the "Application workflow" stating "the patient composes a message on a form addressed to a practice user." *See* Hashmat Decl. ¶ 27.  Additionally, SUMF 35 below admits CureMD's system contains a "form."  Regardless, Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

23.   With the Patient Portal, the user does not download forms from the website for entering a message. (Hashmat Decl. ¶18)

**Response:**

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.   Fed.R.Evid. 802.**

*Disputed.* **Contrary to CureMD's statement and Mr. Hashmat's declaration, the Patient Portal contains element 4 and 5 of the '523 patent, including 'a form' downloaded from a website.** *See* **Dkt. #54 p. 9-10 (523 IP Motion); Ex. '2' at Claim Chart p. 4-5 (Sameh Report).   Furthermore, Mr. Hashmat himself points out the presence of a form in the "Application workflow" stating "the patient composes a message on a form addressed to a practice user."** *See* **Hashmat Decl. ¶ 27.   Additionally, SUMF 35 below admits CureMD's system contains a "form."   Regardless, Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

24.  The screen shots shown in the 523 IP claim chart by elements 4 and 5 illustrate a conventional web page which is completed and saved by the patient in the database. (Hashmat Decl. ¶18)

**Response:**

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Additionally, Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   Further, the statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay. Fed.R.Evid. 802.**

*Disputed.* **Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal contains element 4 and 5 of the '523 patent. *See* Dkt. #54 p. 9-10 (523 IP Motion); Ex. '2' at Claim Chart p. 4-5 (Sameh Report).   Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

25.  The screen shot relied upon by 523 IP to prove the presence of claim 31 element no. 6, determining an information content of the message and matching the routing criteria, on Patient Portal was taken from a CureMD demonstration.  (Hashmat Decl. ¶19)

**Response:**

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  To the extent that CureMD is relying upon the statements made in**

the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed.*   Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, 523 IP relies upon screen shots from a CureMD demonstration, the CureMD source code, and the CureMD Patient Portal User Guide to prove the presence of claim 31 element no. 6.  *See* Dkt. #54 p. 10-11 (523 IP Motion); Ex. '2' at Claim Chart p. 6-9 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

26.  Patient Portal does not include a content processor for determining the content of the message and then matching the routing criteria of the message with the destination.  (Hashmat Decl. ¶19)

**Response:**

*Objection.*   The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing any expert testimony at this stage.   Further, the statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed.*   Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, CureMD's Patient Portal does contain a content processor for

determining the content of the message according to which module is capable of processing the message and then matches the routing criteria of the message with the destination. *See* Dkt. #54 p. 10-11 (523 IP Motion); Ex. '2' at Claim Chart p. 6-9 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

27.  The Patient Portal product shown in the demonstration screen shot does not include a content processor for determining the content of the message and then matching the routing criteria of the message with a message destination.  (Hashmat Decl. ¶19)

**Response:**

*Objection.* The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Additionally, Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  Further, the statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed.*  Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, CureMD's Patient Portal does contain a content processor for determining the content of the message and then matches the routing criteria of the message with the destination.  *See* Dkt. #54 p. 10-11 (523 IP Motion); Ex. '2' at Claim Chart p. 6-9 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do

not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

28.  The screen shots relied upon by 523 IP to prove the presence of claim 31 element 7, routing the message to the selected message destination based on the information content and routing criteria, were also taken from a CureMD demonstration.  (Hashmat Decl. ¶20)

**Response:**

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.**

*Disputed.*  **Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, 523 IP relies upon screen shots from a CureMD demonstration, the CureMD source code, and the CureMD Patient Portal User Guide to prove the presence of claim 31 element no. 7.  *See* Ex. '2' at Claim Chart p. 10-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

29.  The screen shots relied upon by 523 IP to prove the presence of claim 31 element no. 7 illustrates operation of Patient Portal where information is sent by the user to a unified database where it is available to be viewed by authorized users without requiring any routing or distribution.  (Hashmat Decl. ¶21)

**Response:**

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also,**

pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   Further, the statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects the cited declaration and exhibit referenced therein as containing inadmissible hearsay.   Fed.R.Evid. 802.

*Disputed.*   Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the screenshots relied upon by 523 IP do illustrate the presence of a routing processor adapted to route the messages to the selected message destination based upon the information content and routing criteria provided by the selected physician.   *See* Dkt. #54 p. 11-13 (523 IP Motion); Ex. '2' at Claim Chart p. 10-11 (Sameh Report). Specifically, Mr. Sameh points to the example where 45 messages concerning prescriptions have been routed to one staff member but not another.   *Id.*   Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

30.   In responding to 523 IP's claim chart, Mr. Hashmat explained that Patient Portal is merely another component of the EMR system where all messages are saved in one database. (Hashmat Decl. ¶22)

**Response:**

*Objection.*   The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from

disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Undisputed.*  It is undisputed that Mr. Hashmat purported to "explain[] that Patient Portal is merely another component of the EMR system where all messages are saved in one database."

*Disputed.*  Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.   *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

31.  In addition to informing 523 IP's counsel why the Patient Portal product does not infringe claim 31, Mr. Hashmat authored a document entitled "CureMD Application Workflow" which he forwarded to counsel for 523 IP, in further explanation and evidence why the Patient Portal does not infringe claim 31.  (Hashmat Decl. ¶23)

<u>Response:</u>

*Objection.*  The cited statement is not supported by admissible evidence.  Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   Further, the statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).   To the

extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay. Fed.R.Evid. 802.

*Undisputed*.  It is undisputed that Bilal Hashmat purported to "inform[] 523 IP's counsel why the Patient Portal product does not infringe claim 31."

*Disputed*.  Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.   *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

32.   Paragraph (a) of the Application Workflow provides a screen shot of the login for Patient Portal, demonstrating how a user accesses their medical records through the unified database.  (Hashmat Decl. ¶24)

**Response**:

*Objection*.  The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein contain inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed*. Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.  *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

33.  Paragraph (b) of the Application Workflow demonstrates a screen shot showing how patients log in to Patient Portal using a surname provided by the practice.  (Hashmat Decl. ¶25)

**Response:**

*Objection*. The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed*. Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.  *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

34. Paragraph (c) of the Application Workflow provides a screen shot illustrating how the patient selects a user from a list of users to retrieve a message from the unified database. (Hashmat Decl. ¶26)

**Response:**

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2). Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible. Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701. Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage. To the extent that 523 IP is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay. Fed.R.Evid. 802.**

*Disputed.* **Contrary to the characterization in Cure MD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product. *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report). Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

35. Paragraph (d) of the Application Workflow illustrates how the patient composes a message on a form addressed to a practice user. (Hashmat Decl. ¶27)

**Response:**

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2). Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his**

testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.   Fed.R.Evid. 802.

*Disputed*.   Contrary to the characterization in Cure MD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.   *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).   Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

36.   Paragraph (e) of the Application Workflow includes a screen shot illustrating how a practice user can view the message sent by the patient to the designated user.  (Hashmat Decl. ¶28)

**Response**:

*Objection*.   The cited statement is not supported by admissible evidence.   Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.   Fed.R.Evid. 802.

*Disputed*. Contrary to the characterization in Cure MD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product. *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

37. Paragraph (f) of the Application Workflow includes a screen shot demonstrating how the patient can review a message from the user by accessing the unified database.  (Hashmat Decl. ¶29)

**Response**:

*Objection*. The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed*.  Contrary to the characterization in Cure MD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.  *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

38.   Paragraph (h) of the Application Workflow includes a screen shot demonstrating how the messages between the patient and user are saved in the patient's chart in the unified database.  (Hashmat Decl. ¶30)

**Response:**

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.**

**Contrary to the characterization in Cure MD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.   *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).   Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

39.   The screen shots and explanations provided in the Application Workflow prepared by Mr. Hashmat illustrate that the Patient Portal product does not include a plurality of message destinations provided by the physician, criteria for routing messages provided by the physician, a form downloaded from the web site for composing the message and returning it to the web site, a content processor, or a routing processor.  (Hashmat Decl. ¶31)

**Response:**

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to**

Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   Further, the statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.   Fed.R.Evid. 802.

Contrary to the characterization in Cure MD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.   *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).   Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

40.   Mr. Hashmat prepared a Patient Portal Workflow chart to further demonstrate the operation of Patient Portal and how it differs from the method and apparatus for routing a message from a requestor to a physician.  (Hashmat Decl. ¶33)

**Response:**

*Objection.* The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is

27

relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed.*  **Contrary to the characterization in Cure MD's statement and Mr. Hashmat's declaration, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.   *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

41.   The Patient Portal Workflow chart is representative of the initial Patient Portal product that Mr. Hashmat helped develop in 2000 and is offered today by CureMD.  (Hashmat Decl. ¶34)

**Response:**

*Objection.*  **The cited statement is not supported by admissible evidence.  Fed.R.Civ.P. 56(c)(2).   Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.  Further, the statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.**

*Disputed.*  **CureMD issued a press release on April 17, 2007, entitled "CureMD Enhances Doctor-Patient Collaboration Through Its New Patient Portal." *See* Ex. '16' at**

**58-59:1-12 (Hashmat Dep.).  This 2007 Patient Portal product infringes claim 31 of the '523**

**Patent.**

42.   As illustrated in the Patient Portal Workflow chart, the patient logs in to obtain access to a home page where he selects the desired module from the available modules. (Hashmat Decl. ¶35)

**Response**:

**Objection.  The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.   Fed.R.Evid. 802.**

**Disputed.  Contrary to the characterization in Mr. Hashmat's statement, the most it shows is that only the first time the patient logs into the homepage does the patient select the desired module from those available.   Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

43.   The Patient Portal Workflow chart illustrates that in order to send a message to a desired physician, the patient clicks on the link "message", the message is composed, and then the patient clicks "to" and "cc" to obtain a list of practice staff for receipt of the message. (Hashmat Decl. ¶36)

**Response:**

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   Further, the statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.   Fed.R.Evid. 802.   Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

44.   The Patient Portal Workflow chart illustrates that once a message is composed it is sent to a unified database where it is stored for the person to whom the message was addressed. (Hashmat Decl. ¶37)

**Response:**

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from**

disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

45.   The Patient Portal Workflow chart illustrates that with Patient Portal there is no content processor to analyze the content of any message.  (Hashmat Decl. ¶37)

**Response:**

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Additionally, Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.**

*Disputed.*   **Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal does contain a content processor to analyze the content of a message by determining which module is associated with the message.  *See* Dkt. #54 p. 10-11 (523 IP Motion); Ex. '2' at Claim Chart p. 6-9 (Sameh Report). Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

46.   The Patient Portal Workflow chart illustrates that once the login is completed, the staff member can access the message that has been addressed to them.  (Hashmat Decl. ¶38)

**Response:**

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Additionally, Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.**

*Disputed.*   **Contrary to the characterization in CureMD's statement and Mr. Hashmat's declaration, the Patient Portal does contain routing as only staff members with specific privileges can see specific messages.  *See* Ex. '2' ¶¶ 74-77 (Sameh Report); Ex '9' at 56 (Clinical User Guide).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

47.   The Patient Portal Workflow chart illustrates that for a practice staff to send a message to the patient, the staff member selects the destination of the message based on identifying the patient from a list of patients.  (Hashmat Decl. ¶39)

**Response:**

*Objection.*  **The cited statement is irrelevant because Claim 31 is not directed toward staff members sending messages to patients.   Additionally, the cited statement is not supported by admissible evidence.  Fed.R.Civ.P. 56(c)(2).  Further, Hashmat has not been**

qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible. Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701. Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage. To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay. Fed.R.Evid. 802. Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

48. The destination of the message selected by the staff member is not determined by the content of the message. (Hashmat Decl. ¶39)

**Response**:

*Objection.* The cited statement is irrelevant because Claim 31 is not directed toward staff members sending messages to patients. The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2). Additionally, Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible. Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701. Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage. To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay. Fed.R.Evid. 802. Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

49.  On January 5, 2012, Mr. Hashmat conducted an online demonstration of the Patient Portal product for inspection by Joseph Sameh and his counsel on behalf of 523 IP.  (Hashmat Decl. ¶40)

**Response**: Undisputed.

50.  The January 5, 2012 online inspection demonstrated to Mr. Sameh and his counsel how a user of Patient Portal first selects a recipient from a list of staff members and then composes a message to the selected staff member.  (Hashmat Decl. ¶41)

**Response**:

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Additionally, Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.**

*Disputed.*   **Additionally, contrary to CureMD's statement and Hashmat's declaration, the Sameh Report establishes a patient provides content that is later used with routing criteria to select a destination.  *See* Dkt. #51 at Ex. '2' at Claim Chart p. 2 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

51. The January 5, 2012 online inspection demonstrated to Mr. Sameh and his counsel that with Patient Portal all of the staff members are located at a single location which is the medical practice.  (Hashmat Decl. ¶41)

**Response:**

*Objection***.  The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Additionally, Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.**

*Disputed***.   Furthermore, staff members do not necessarily need to be located in a single location or building.  The "destination" in the '523 Patent is the individual or device to whom the message is delivered.  *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

52. The January 5, 2012 online inspection demonstrated to Mr. Sameh and his counsel that the message to the selected practice staff is stored in the unified database.  (Hashmat Decl. ¶42)

**Response:**

*Objection***.  The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his**

testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.   Fed.R.Evid. 802.

*Disputed*.  Although a message is stored in a database, it also resides elsewhere, such as the PC of the recipient to whom the message is routed.  *See* Ex. '2' ¶ 83 (Sameh Report).

53.   The January 5, 2012 online inspection demonstrated to Mr. Sameh and his counsel that because the patient manually selects the staff member for receipt of the message before the message is composed, there is no need to determine the content of the message before the message is sent.  (Hashmat Decl. ¶42)

**<u>Response</u>**:

*Objection*.   The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.   Fed.R.Evid. 802.

*Disputed*.   Additionally, contrary to CureMD's statement and Hashmat's declaration, the Sameh Report establishes a patient provides content and a content processor is used to determine the message content and selects a message destination by

matching the routing criteria of the selected destination with the determined information content.  *See* Dkt. 41, Ex. '2' at Claim Chart p. 2, 6-9 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

54.  The January 5, 2012 online inspection demonstrated to Mr. Sameh and his counsel that with Patient Portal there is no analysis of the content of the message as to where the message is sent because the patient is the one who selects the individual staff member who will receive the message.  (Hashmat Decl. ¶43)

**Response:**

*Objection.*  The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed.*  Additionally, contrary to CureMD's statement and Hashmat's declaration, the Sameh Report establishes that the Patient Portal determines the content of the message in order to help determine the message destination.  The routing of the message is determined by routing criteria in the form of privileges assigned to various staff members.  *See* Dkt. #54 p. 10-13 (523 IP Motion); Ex. '2' at Claim Chart p. 6-9 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

55.  The January 5, 2012 online inspection demonstrated to Mr. Sameh and his counsel that with Patient Portal there is no routing processor for routing the message from the patient to the staff member.  (Hashmat Decl. ¶44)

**Response:**

*Objection*.  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.**

*Disputed*.  **Contrary to the characterization in Cure MD's statement and Mr. Hashmat's declaration, the Sameh Report establishes that the Patient Portal determines the content of the message in order to help determine the message destination.  The routing of the message is determined by routing criteria in the form of privileges assigned to various staff members.  *See* Dkt. #54 p. 10-13 (523 IP Motion); Ex. '2' at Claim Chart p. 6-9 (Sameh Report).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

56.  The January 5, 2012 online inspection demonstrated to Mr. Sameh and his counsel that the message is sent to the database where the staff member receives the message.  (Hashmat Decl. ¶44)

**Response:**

*Objection*.  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Hashmat has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also,**

pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed.* **Although a message is stored in a database, it also resides elsewhere, such as the PC of the recipient to whom the message is routed.  *See* Ex. '2' ¶ 83 (Sameh Report).**

57.   Joseph Sameh filed U.S. Patent Application No. 10/115,393 entitled "Website Messaging System" on April 3, 2002 which issued by the PTO on April 20, 2010 as U.S. Patent No. 7,702,523.  (Ex. A, '523 patent.)

**Response:** **Undisputed.**

58.   When the application for the '523 patent was filed on April 3, 2002, the inventor described the invention as follows:

> "The method includes the steps of providing one or more web pages to the patient from the web site containing indicia of identity for each physician of the plurality of physicians and detecting selection by the patient of a physician of the plurality of physicians."  .  (Ex. A, '523 patent, col. 1, lines 40-44)

**Response:**

*Objection.*   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed.* **The quoted language is merely the Abstract of the '523 patent.  The '523 patent includes further descriptions of the invention in the description, in the figures and in the claims.  *See, e.g.,* Ex. A, '523 patent, col. 1, lines 36–48; col. 2, line 9-col. 9, line 14.  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

59.  The Sameh application was pending in the PTO for over eight years until it issued April 20, 2010.  (Ex. A, '523 patent.)

**Response: Undisputed.**

60.  The PTO examiner finally rejected independent claims 1, 16, and 31 under 35 U.S.C. §103(a) as being obvious over Loeb in view of Wright.  (Ex. B, Dec. on Appeal)

**Response: Undisputed that the PTO examiner issued a "final rejection" which was then unanimously overruled by the Board.  *See* Ex. B at 1 (Decision on Appeal).**

61.  The final rejection of claims 1, 16, and 31 was appealed to the Board of Patent Appeals and Interferences ("the Board").  The Board reversed the rejection of independent claims 1, 16, and 31 in a decision dated October 30, 2009.  (Ex. B, Dec. on Appeal)

**Response: Undisputed.**

62.  In response to the first action from the PTO examiner rejecting claims 1, 16, and 31 as being anticipated by the Loeb reference, Mr. Sameh filed Amendment A in which independent claims 1, 16, and 31 were similarly amended to distinguish over the Loeb reference.  (Ex. C, Amendment A)

**Response: Undisputed.**

63.  Mr. Sameh characterized the amendments to independent claims 1, 16, and 31 as clearly limited to the routing of messages based upon a message routing criteria established by the physician based upon the relative importance that the physician places upon each type of message.  (Ex. C, Amendment A, p. 11.)

**Response:**

***Objection*.   The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

***Disputed*. Mr. Sameh characterized the routing as being based upon the subjective importance placed upon the messages and some dependent claims refer to priority, but the independent claims do not, and Fig. 8 provides examples of routing criteria without mentioning priority or importance.  *See* Ex. C at 11 (Amendment A).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

64.   In responding to the rejection of claims 1, 16, and 31 over the Loeb reference Mr. Sameh argued in Amendment A that nowhere within Loeb is there any teaching of "the physician providing a plurality of message destinations…. a respective criteria for routing messages to each of the plurality of message destination… determining a message content of the message received from the requestor; selecting a message destination of the plurality of destinations with the respective routing criteria that matches the determined message content; and routing the message to the selected message destination". (Ex. C, Amendment A, p.12)

**Response**: **Undisputed.**

65.   In response to Amendment A, the examiner issued a final rejection of all pending claims, including independent claims 1, 16, and 31 as amended as being obvious over the Loeb reference in view of Wright. (Ex. D, Final Rejection)

**Response**: **Undisputed that the PTO examiner issued a "final rejection," which was then unanimously overruled by the Board.  *See* Ex. B at 1 (Decision on Appeal).**

66.   In the final rejection the Wright reference was cited for the disclosure that physicians may provide routing criteria, for example, by specifying "in-out status". (Ex. D, Final Rejection, p. 5)

**Response**:

*Objection*.   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Wright was argued to teach a system of distributing medical reports (ECGs) to a plurality of destinations specified by routing criteria and that physicians may provide certain of the routing criteria such as "in-out status" for where to send the reports at a given time.  *See* Ex. D at 5 (Final Rejection). The Board unanimously reversed the Examiner's rejection.  *See* Ex. I at 2 (Final Decision).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

67.  In the final rejection the examiner concluded that it would be obvious to combine the teachings of the Loeb and Wright references.  (Ex. D, Final Rejection, pp. 5-6)

**Response:**

*Objection*.  **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*.  **The Examiner concluded that it would have been obvious to one of ordinary skill in the art at the time of the invention to combine the teachings of Loeb and Wright.  *See* Ex. D at 5-6 (Final Rejection).  But the board unanimously reversed the Examiner's rejection. *See* Ex. I at 2 (Final Decision).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

68.  In response to the final rejection Mr. Sameh filed a notice of appeal to the Board followed by an appeal brief on March 24, 2008.  (Ex. E, Appeal Brief)

**Response: Undisputed.**

69.  Mr. Sameh argued patentability of the rejected claims over the cited combination of the Loeb and Wright references for a number of reasons including the argument that the physician provides a plurality of message destinations for delivery of messages where the message destinations could be a physician's office, home phone, cell phone, a pager, or another physician on call for the physician or any other communication system designation that the physician desires.  (Ex. E, Appeal Brief, p. 3)

**Response:**

*Objection*.  **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*.  **The argument expressly indicated that the enumerated message destinations were only examples.  It is incorrect to construe Mr. Sameh as arguing that the enumerated destinations were the only possible destinations.  In fact, Table A provides additional examples of routing including to doctor's staff, on-call doctor, surgeon and complete surgical team, physicians' surgical assistant or office staff, and on-call surgeon,**

physician's assistant or office staff, on-call doctor regardless of physical location except when on-call.  *See* Ex. E at 3-4 (Appeal Brief).  **The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

70.  Mr. Sameh argued patentability of the rejected claims over the cited combination of the Loeb and Wright references for the reason that the physician provides a respective criteria for routing messages to each of the plurality of message destinations where the criteria could be defined to differentiate messages from patients who need immediate attention from messages from patients who can wait to hear from the physician.  (Ex. E, Appeal Brief, p. 3)

**Response:**

*Objection.*  **The cited evidence does not support the statement.    Fed.R.Civ.P 56(c)(1)(B).**

*Disputed.* **Page 3 of the Appeal Brief does not mention Loeb or Wright.  *See* Ex. E at 3 (Appeal Brief).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

71.  Mr. Sameh argued patentability of the rejected claims over the cited combination of the Loeb and Wright references for the reason that to send a message to the physician, the requestor accesses the web site and downloads a form that includes a number of information entry boxes that can be used to determine the content and reason for the message.  (Ex. E, Appeal Brief, p. 3)

**Response:**

*Objection.*  **The cited evidence does not support the statement.    Fed.R.Civ.P 56(c)(1)(B).**

*Disputed.* **Page 3 of the Appeal Brief does not mention Loeb or Wright.  *See* Ex. E at 3 (Appeal Brief).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

72.  Mr. Sameh argued patentability of the rejected claims over the cited combination of the Loeb and Wright references for the reason that a determination is made of the information content of the message and a message destination is selected with the respective routing criteria that matches the determined message content.  (Ex. E, Appeal Brief, p. 3)

**Response:**

*Objection*.  **The cited evidence does not support the statement.    Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Page 3 of the Appeal Brief does not mention Loeb or Wright.  *See* Ex. E at 3 (Appeal Brief).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

73.  Mr. Sameh argued patentability of the rejected claims over the cited combination of the Loeb and Wright references for the reason that the message is routed to the selected message destination based upon the determined information content and routing criteria provided by the physician.  (Ex. E, Appeal Brief, p. 3)

**Response:**

*Objection*.  **The cited evidence does not support the statement.    Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Page 3 of the Appeal Brief does not mention Loeb or Wright.  *See* Ex. E at 3 (Appeal Brief).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

74.  In distinguishing over the Loeb reference Mr. Sameh argued that the Loeb reference has to do with the selection of the specific service provider by the patient and routing of the appointment request to the provider based on the selection by the patient.  (Ex. E, Appeal Brief, pp. 4-9)

**Response:**

*Objection*.  **The cited evidence does not support the statement.    Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Pages 4–9 make no reference to Loeb.  Page 24 of the Brief which refers to Loeb as having to do with selection of a specific service provider by the patient also points out that in Loeb it is exclusively the patient who selects the provider. *See* Ex. E at 4-9, 24 (Appeal Brief).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

75.  In distinguishing over the Loeb reference Mr. Sameh argued that the Loeb patient selects a provider and the patient's contact information goes to a single location so therefore there is no routing criteria under Loeb, no form, and no determination of a message content of the form under Loeb.  (Ex. E, Appeal Brief, p. 22)

**Response: Undisputed.**

76.  In distinguishing over the Loeb reference Mr. Sameh argued that under Loeb the routing criteria is provided by the patient, since it is exclusively the patient who selects the provider.  (Ex. E, Appeal Brief, p. 22)

**Response: Undisputed.**

77.  Mr. Sameh argued with the claimed invention messages are dynamically routed based on their priority provided by the physician.  (Ex. E., Appeal Brief, pp. 23-24)

**Response:**

*Objection*.   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh argued at the cited location in the Brief that the priorities of the patient and/or physician or the need to dynamically route messages from patients/requesters to one of a number of destinations defined by the physician based upon priority is <u>not</u> recognized in the cited references nor is there any recognition of the need for providing a respective time of response from the physician or the physician's office and therefore that the problem solved by the invention is new in view of the art.  *See* Ex. E at 23-24 (Appeal Brief).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

78.  The examiner in his answer to the appeal brief of Mr. Sameh repeated the rejection of independent claims 1, 16, and 31 for obviousness over the combination of the Loeb and Wright references.  (Ex. F, Examiner's Answer, p. 4)

**Response:**

*Objection*.  **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **This mischaracterizes the Examiner's answer which does not "repeat" the rejection of independent claims 1, 16 and 31 but rather tried to address the arguments advanced by Mr. Sameh in his opening Brief.** *See* **Ex. F (Examiner's Answer). The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

79.  In his answer to the appeal brief, the examiner acknowledged that the Loeb reference does not explicitly disclose the claim 1 feature of the physician providing a plurality of message destinations and the physician providing a respective criteria for routing messages to each of the plurality of message destinations.  (Ex. F, Examiner's Answer, pp. 5-6)

**Response: Undisputed.**

80.  In his answer to the appeal brief, the examiner maintained that the features absent from the Loeb reference are taught by the Wright reference and it would be obvious to combine the teachings of the Loeb and Wright references.  (Ex. F, Examiner's Answer, p. 6)

**Response:**

*Objection*.  **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*.  **The Examiner argued that it would be obvious to one of ordinary skill in the art to combine the teachings of Loeb and Wright.** *See* **Ex. F at 6 (Examiner's Answer). But the Board unanimously rejected the Examiner's arguments.** *See* **Ex. I at 2 (Final Decision).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

81.  In response to the examiner's answer, Mr. Sameh filed a reply, pointing out that the examiner has admitted that "Loeb fails to explicitly disclose…the physician providing a plurality of message destinations and the physician providing a respective criteria for routing messages to each of the plurality of message destinations."  (Ex. G, Reply to Answer, p. 1)

**Response**: **Undisputed.**

82.  Mr. Sameh in his reply to the examiner's answer defined the term "criteria" as "a standard on which a decision or judgment may be based" and, as such, a routing criteria is a standard on which a routing decision or judgment is based.  (Ex. G, Reply to Answer, p. 2)

**Response**: **Undisputed.   Noted, however, CureMD is asking for a different claim construction of criteria.**

83.  In the reply to the examiner's answer, Mr. Sameh argued that the routing of medical reports to pre-specified locations is not the same as routing messages from patients to their physicians based upon a content of the messages and the routing provided by the physician.  (Ex. G, Reply to Answer, p. 2)

**Response**:

**_Objection_. The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

**_Disputed_. This statement ignores that Mr. Sameh argued that even if arguendo the routing of medical reports to pre-specified locations is the same as routing messages from patients to their physicians based on the content of the message and the routing provided by the physician, the combination of Loeb and Wright is improper because neither includes teaching or suggestion of routing messages based upon information content of the message. Mr. Sameh also argues that Wright merely routes each and every message based upon the physician's declared status and Loeb fails to provide any teaching or suggestion in this regard. _See_ Ex. G at 2 (Reply to Answer).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

84.   In distinguishing over the cited combination of the references, Mr. Sameh argued that routing messages based upon a physician's status is not the same as routing messages based upon an information content of the message (Ex. G, Reply to Answer, p. 2)

**Response: Undisputed.**

85.   In the reply to the examiner's answer, Mr. Sameh pointed out that the claimed invention solves a problem of recognizing serious medical conditions and expediting delivery of a patient's request message from a patient to the physician that is customizable to the individual practice of a physician without resorting to an emergency room visit or direct contact between the physician and the patient.  (Ex. G, Reply to Answer, p. 2)

**Response: Undisputed.**

86.   Mr. Sameh in replying to the examiner's answer asserted that claim 1 is explicitly limited to the feature of "criteria" because in order to recognize serious medical conditions, "a relative importance must be assigned to the request based upon a subjective criteria provided by the physician."  (Ex. G, Reply to Answer, pp. 2-3)

**Response:**

*Objection*.   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh's reply to the Examiner's answer does not assert that claim 1 is explicitly limited to the feature of "criteria".  It does argue that in order to recognize serious medical conditions, "a relative importance may be assigned to the request, based upon a subjective criteria provided by the physician."**  *See* **Ex. G at 2-3 (Reply to Answer). The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

87.   In the reply brief, Mr. Sameh conceded that claim 1 is limited to "the physician providing a respective criteria for routing message to each of the plurality of message destinations." (Ex. G, Reply to Answer, p. 4)

**Response: Undisputed.**

88. In comparing the claimed invention with the Loeb reference, Mr. Sameh argued in his reply brief that Loeb teaches a patient selecting the physician so therefore if there is criteria under Loeb, then that criteria is exclusively under the control of the patient. (Ex. G., Reply to Answer, p. 4)

**Response**: **Undisputed.**

89. Mr. Sameh further explained in the reply brief that criteria controlled by the patient is not the claimed invention of criteria provided by the physician because it does not involve criteria for routing a message provided by the physician. (Ex. G., Reply to Answer, p. 4)

**Response**: **Undisputed.**

90. Mr. Sameh further argued that any criteria that results in routing to the same, single destination as under Loeb does not meet the claim limitation requiring a "plurality of message destinations". (Ex. G, Reply to Answer, p. 4)

**Response**:

*Objection*. **The cited evidence does not support the statement. Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh argued that, "for example, if a medical specialty is a routing criteria, then that criteria always results in routing to the same, single destination under Loeb. However, that same single destination does not meet the claim limitation requiring a 'plurality of message destinations.'"** *See* **Ex. G at 4 (Reply to Answer). The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

91. Mr. Sameh in distinguishing over the Loeb reference clearly disavowed that the claim limitation requiring a "plurality of message destinations" is not met by an exercise of criteria that results in routing to the same, single destination. (Ex. G, Reply to Answer, p. 4)

**Response**:

*Objection*. **The cited evidence does not support the statement. Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh argued that Loeb does not involve a "physician providing a respective criteria for routing messages to each of the plurality of message destinations" as under the claimed invention and that, at best Loeb teaches away from a physician providing a respective criteria for routing messages to each of the plurality of message destinations.** *See* **Ex. G at 4-5 (Reply to Answer).   A database, however, is not a "destination."   The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

92.   Mr. Sameh further asserted in his reply brief that routing a message to the same single destination teaches away from the claimed invention involving routing messages to different destinations designated by the physician.  (Ex. G, Reply to Answer, pp. 4-5)

**Response:**

*Objection*.   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh argued that "if a medical specialty is a routing criteria, then that criteria always results in routing to the same, single destination under Loeb.  However that same single destination does not meet the claim limitation requiring a quote plurality of message destinations."** *See* **Ex. G at 4-5 (Reply to Answer).   The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

93.   In the reply brief Mr. Sameh disavowed the creation of appointment requests as involving a routing criteria based upon content.  (Ex. G, Reply to Answer, p. 6)

**Response:**

*Objection*.   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh explained that, in Loeb, "the creation of appointment requests do not involve a routing criteria based on content because, for example, for users that enter or select valid health insurance information, system 10 of Loeb searches provider data directory 28 based on the user location coordinates to obtain a list of qualified providers and that such obtaining a list of providers does not involve the use of routing criteria."** *See* **Ex. G at 6 (Reply to Answer).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

94.  Further, Mr. Sameh disclaimed that obtaining a list of providers involves the use of routing criteria.  (Ex. G, Reply to Answer, p. 6)

**Response:**

*Objection*.  **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh stated that since the Loeb provider receives only appointment requests, there would be no reason to determine that the request is for an appointment since that is the only purpose of the appointment request in Loeb.** *See* **Ex. G at 7 (Reply to Answer). The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

95.  Mr. Sameh took the position that there would be no reason to determine the information content of a request for an appointment from a selected provider unless a decision or judgment would not be required as to where the appointment request would be routed.  (Ex. G, Reply to Answer, p. 7)

**Response:**

*Disputed*.

*Objection*.  **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh explained that, in Loeb, "the creation of appointment requests do not involve a routing criteria based on content because, for example, for users that enter or select valid health insurance information, system 10 of Loeb searches provider data directory 28 based on the user location coordinates to obtain a list of qualified providers and that such obtaining a list of providers does not involve the use of routing criteria."** *See* **Ex. G at 6 (Reply to Answer). The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

96.   To further distinguish over the Loeb and Wright references, Mr. Sameh made the observation that messages under Loeb or Wright always go to the same destination.  (Ex. G, Reply to Answer, pp. 9-10)

**Response:**

*Objection*.   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh stated that <u>in general</u> messages under Wright or Loeb always go to the same destination.** *See* **Ex. G at 9-10 (Reply to Answer). The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

97.   Mr. Sameh asserted in his reply that there would be no reason to differently route a message based upon a routing criteria provided by a message recipient in view of the teachings of any of the references or combination of references cited within the Office Actions.  (Ex. G, Reply to Answer, p. 10)

**Response:**

*Objection*.   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh stated that "Nowhere within any of the references or combination of references cited within the office actions is there any teaching or suggestion**

of any system where messages are <u>differentially</u> routed based upon a routing criteria provided by a message recipient and the content of a message forwarded by a message sender as under the claimed invention." *See* **Ex. G at 10 (Reply to Answer). The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

98.  Mr. Sameh gave the example that under Loeb, if the user selects physician "A", then the message always goes to physician "A" destination and similarly if the user selects physician "B" then the message always goes to physician "B".  Consequently, no routing criteria is required to route the message.  (Ex. G, Reply to Answer, p. 10)

**Response:**

*Objection*.  **The cited evidence does not support the statement.  Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh did not state "consequently, no routing criteria is required to route the message." *See* Ex. G at 10 (Reply to Answer). The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

99.  Mr. Sameh asserted that none of the references of record taken alone or in combination disclose the claimed invention of messages to different destinations based on the routing criteria provided by the recipient of the message and the content of the message forwarded by the sender.  (Ex. G, Reply to Answer, p. 10)

**Response:**

*Objection*.  **The cited evidence does not support the statement.  Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh stated that "Nowhere within any of the references or combination of references cited within the office actions is there any teaching or suggestion of any system where messages are differentially routed based upon a routing criteria provided by a message recipient and a content of a message forwarded by a message sender as under the claimed invention." *See* Ex. G at 10 (Reply to Answer).  The statement does**

not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

100.  An oral hearing on the appeal was held October 20, 2009 before the Board at the PTO with Mr. Sameh's represented by counsel.  (Ex. H, Hearing Record, p. 1)

**Response: Undisputed.**

101.  At the oral hearing, Mr. Sameh explained that the claimed invention facilitates access of patients to their physician and enhances the physician's ability to respond to requests to others.  (Ex. H, Hearing Record, p. 3)

**Response:**

**_Objection_. The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

**_Disputed_. Mr. Sameh did not address the Board at the oral hearing, and Mr. Sameh's attorney argued that <u>in effect</u> the invention is an automated on-line triage system for handling requests to the physician for assistance from the physician.  _See_ Ex. H at 3 (Hearing Record).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

102.  At the oral hearing, Mr. Sameh characterized the claimed invention as an automated on line triage system for handling the requests to the physician for assistance from the physician.  (Ex. H, Hearing Record, p. 3)

**Response:**

**_Objection_. The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

**_Disputed_. Mr. Sameh did not address the Board at the oral hearing.  _See_ Ex. H at 3 (Hearing Record).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

103.   At the oral hearing, Mr. Sameh argued that the requests are routed to the desired location that the physician needs for the particular problem to be solved in the best way.  (Ex. H, Hearing Record, p. 3)

**Response:**

*Objection.*   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed.* **Mr. Sameh did not address the Board at the oral hearing.  *See* Ex. H at 3 (Hearing Record).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

104.   At the oral hearing, Mr. Sameh described the Loeb reference as providing first a database of alternative medical procedures and second a physician referral system.  (Ex. H, Hearing Record, p. 3)

**Response:**

*Objection.*   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed.* **Mr. Sameh's attorney stated that the Loeb database is in two parts, one of alternative medical procedures and techniques and one a referral system or physician directory.  *See* Ex. H at 3 (Hearing Record).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

105.   At the oral hearing, Mr. Sameh further explained that under the Loeb reference the user accesses a database to select a physician from a list for a specific need and to make an appointment to fill that need.  (Ex. H, Hearing Record, pp. 3-4)

**Response:**

*Objection.*   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed.* **Mr. Sameh's attorney stated that ultimately the Loeb referral system allows, at the very end of the process, the ability of the user to access outside of the system**

**and send a request for appointment to the physician that has been referred.** *See* **Ex. H at 4**

**(Hearing Record).   The statement does not create a genuine dispute of material fact on**

**which to deny 523 IP's Motion for Summary Judgment.**

106.  At the oral hearing Mr. Sameh asserted that the [claimed] invention is completely different from the database access systems of the Loeb and Wright references.  (Ex. H, Hearing Record, p. 4)

**Response:**

*Objection***.   The cited evidence does not support the statement.   Fed.R.Civ.P**

**56(c)(1)(B).**

*Disputed***. In referring to Loeb and Wright, Mr. Sameh's attorney stated that both**

**are database access system while the invention is completely different in nature because it**

**is about requests from requesters, patients primarily, to their physician.** *See* **Ex. H at 4**

**(Hearing Record).   The statement does not create a genuine dispute of material fact on**

**which to deny 523 IP's Motion for Summary Judgment.**

107.  At the oral hearing, Mr. Sameh disavowed that the claimed features of selecting a message destination of a plurality of message destinations with the respective criteria that matches the determine message content reads on the Loeb disclosure of selecting a specific service provider from the list of providers.  (Ex. H, Hearing Record, pp. 4-5)

**Response:**

*Objection***.   The cited evidence does not support the statement.   Fed.R.Civ.P**

**56(c)(1)(B).**

*Disputed***. Mr. Sameh's attorney stated: ". . . How can Loeb provide selecting from a**

**plurality of destinations when it's been conceded that the physician has not provided the**

**plurality of destinations?  In the plurality of destinations, is the destination provided by the**

**physician?   So that's the first problem is the rejection itself is internally inconsistent.**

**Secondly, it completely changes the essential meaning of these terms by citing Loeb's**

selection of a physician from a list of physicians instead of a destination from a plurality of destinations which changes the terminology from destinations to physicians." *See* Ex. H at 5 (Hearing Record).  The attorney did not state that the invention cannot be used with a database.  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

108.  Mr. Sameh at the oral hearing, asserted that selecting a physician in Loeb is not the same as selecting a message destination as defined by the claimed invention.  (Ex. H, Hearing Record, p. 5)

**Response:**

*Objection*.  The cited evidence does not support the statement.  Fed.R.Civ.P 56(c)(1)(B).

*Disputed*. Mr. Sameh's attorney stated: ". . . How can Loeb provide selecting from a plurality of destinations when it's been conceded that the physician has not provided the plurality of destinations?  In the plurality of destinations, is the destination provided by the physician?  So that's the first problem is the rejection itself is internally inconsistent. Secondly, it completely changes the essential meaning of these terms by citing Loeb's selection of a physician from a list of physicians instead of a destination from a plurality of destinations which changes the terminology from destinations to physicians." *See* Ex. H at 5 (Hearing Record).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

109.  At the oral hearing, Mr. Sameh further disavowed that selecting a physician from a list of physicians in Loeb is the same as selecting a message destination as defined by the claimed invention.  (Ex. H, Hearing Record, p. 5)

**Response:**

*Objection*.  The cited evidence does not support the statement.  Fed.R.Civ.P 56(c)(1)(B).

*Disputed.* **Mr. Sameh's attorney stated: ". . . How can Loeb provide selecting from a plurality of destinations when it's been conceded that the physician has not provided the plurality of destinations?  In the plurality of destinations, is the destination provided by the physician?  So that's the first problem is the rejection itself is internally inconsistent.  Secondly, it completely changes the essential meaning of these terms by citing Loeb's selection of a physician from a list of physicians instead of a destination from a plurality of destinations which changes the terminology from destinations to physicians."** *See* **Ex. H at 5 (Hearing Record).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

110.  At the oral hearing, Mr. Sameh's counsel made it clear that the destinations defined by the claimed invention are communication end points, such as the cell phone of the physician, the PDA of the physician, the physician's office, and so forth.  (Ex. H, Hearing Record, p. 5)

**Response:**

*Objection***.   The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed***. This is incorrect because it leaves out the language "there are numerous destination set out in the specification.  These are just examples of some of them."** *See* **Ex. H at 5 (Hearing Record).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

111.  At the oral hearing, Mr. Sameh argued that it was err for the examiner to interpret destination to mean a physician selected from a list of physicians.  (Ex. H, Hearing Record, p. 6)

**Response:**

*Objection***.   The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*.  **Mr. Sameh's attorney argued that Loeb did not contain the "destination" as claimed because, for example, the list in Loeb is not provided by the physician.  *See* Ex. H. p. 5 (Hearing Record).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

112.  At the oral hearing, Mr. Sameh's counsel repeatedly argued that the physician is not the same as the destination.  (Ex. H., Hearing Record, pp. 6-7)

**Response:**

*Objection*.   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*.  **Mr. Sameh's attorney argued that Loeb did not contain the "destination" as claimed because, for example, the list in Loeb is not provided by the physician.  *See* Ex. H. p. 5 (Hearing Record).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

113.   At the oral hearing, Mr. Sameh's counsel further distinguished the claimed invention over the Loeb reference by point out that in Loeb when the physician is selected, the message has not yet been created because the physician is first selected and then the user creates the message.  (Ex. H, Hearing Record, p. 8)

**Response:**

*Objection*.   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*.  **Mr. Sameh's attorney stated: "If we are going to call the request for an appointment a message to the physician, then that message did not even exist at the time the selection of the physician from the list of physicians was made.  So it could not have been based on the content of the message."  *See* Ex. H at 8-9 (Hearing Record).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

114.   At the oral hearing, Mr. Sameh explained that the Loeb reference can be further distinguished from the claimed invention because the message does not exist at the time the physician is selected from the list of physicians; consequently, the selection of the physician is not based on the content of the message.  (Ex. H, Hearing Record, p. 8)

**Response:**

*Objection*.   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh's attorney stated: "If we are going to call the request for an appointment a message to the physician, then that message did not even exist at the time the selection of the physician from the list of physicians was made.  So it could not have been based on the content of the message."** *See* **Ex. H at 8-9 (Hearing Record).   The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

115.   At the oral hearing, Mr. Sameh argued that there is no basis for the examiner to reject the claims based on Loeb for the disclosure that a request for an appointment is a message to the physician because the destination to whom the message is sent is determined before the message is composed.  (Ex. H, Hearing Record, p. 8)

**Response:**

*Objection*.   **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).**

*Disputed*. **Mr. Sameh's attorney stated:  "As described in Loeb, you select a physician and then after selecting the physician you have the option at that point to decide to create a request for an appointment.  If we are going to call the request for an appointment a message to the physician then that message did not even exist at the time of the selection of the physician from the list of physicians was made.  So it could not have been based on the content of the message."** *See* **Ex. H at 8 (Hearing Record).   The**

statement does not create a genuine dispute of material fact on which to deny 523 IP's

Motion for Summary Judgment.

116.  In the decision on appeal, dated October 30, 2009 the Board did not sustain the rejection of independent claims 1, 16, and 31 as being unpatentable for obviousness under 35 U.S.C. §103(a) over Loeb in view of Wright.  (Ex. B, Decision on Appeal, p. 2)

**Response:**

*Objection*.  **The cited evidence does not support the statement.   Fed.R.Civ.P**

**56(c)(1)(B).**

*Disputed*.  **The Board overruled the rejection of claims 1-32 and 34-36.  *See* Ex. B at**

**1 (Decision on Appeal).**

117.  The Board found that each of the independent claims 1, 16, and 31 require routing the message to the selected message destination based upon the determined information content and routing criteria provided by the physician.  (Ex. B, Decision on Appeal, p. 2)

**Response: Undisputed.**

118.  In the decision on appeal, the Board found that Loeb discloses selecting a specific service provider from the listing of qualified providers and requests from that specific provider an appointment.  (Ex. B, Decision on Appeal, p. 3)

**Response:**

*Objection*.  **The cited evidence does not support the statement.   Fed.R.Civ.P.**

**56(c)(1)(B).**

*Disputed*. **The Board stated that Loeb discloses that users <u>can</u> select a specific service**

**provider from the listing of qualified providers and request an appointment from that**

**specific provider.  It also stated that appointment times are preferably set on-line by using**

**a provider appointment schedule maintained by the system but appointment requests may**

**be electronically forwarded to the service provider or the selected provider's telephone**

**number can be displayed.  *See* Ex. B at 3 (Decision on Appeal).  The statement does not**

create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

117.  The Board found that each of the independent claims 1, 16, and 31 require routing the message to the selected message destination based upon the determined information content and routing criteria provided by the physician.  (Ex. B, Decision on Appeal, p. 2)

**Response**: Undisputed.

118.  In the decision on appeal, the Board found that Loeb discloses selecting a specific service provider from the listing of qualified providers and requests from that specific provider an appointment.  (Ex. B, Decision on Appeal, p. 3)

**Response**:

*Objection*.   The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).

*Disputed*.   **The Board stated that Loeb discloses that users <u>can</u> select a specific service provider from the listing of qualified providers and request an appointment from that specific provider.  It also stated that appointment times are preferably set on-line by using a provider appointment schedule maintained by the system but appointment requests may be electronically forwarded to the service provider or the selected provider's telephone number can be displayed.  *See* Ex. B at 3 (Decision on Appeal).  The statement does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

119.  The Board stated that Loeb discloses that users <u>can</u> select a specific service provider from the listing of qualified providers and request an appointment from that specific provider.  It also stated that appointment times are preferably set on-line by using a provider appointment schedule maintained by the system but appointment requests may be electronically forwarded to the service provider or the selected provider's telephone number can be displayed.119.  In the decision on appeal, the Board found that there is no disclosure in Loeb of routing a message by determining information content and routing criteria provided by the physician.  (Ex. B, Decision on Appeal, p. 3)

**Response**: Undisputed.

120.   In the decision on appeal, the Board found that in Loeb the user simply selects a service provider from the list of providers, and it is the user himself or herself who makes the appointment.  (Ex. B, Decision on Appeal, p. 3)

**Response**: **Undisputed.**

121.   The Board in the decision on appeal found that there is no disclosure in Loeb of routing a message to any selected message destination because in Loeb there is no disclosure of anything more than a given service provider's email or facsimile.  (Ex. B, Decision on Appeal, p. 3)

**Response**: **Undisputed.**

122.   In the decision on appeal, the Board found that there is no teaching or an inference of obviousness in the cited combination of references for the claim limitation of routing the message to the selected message destination based upon the predetermined information content and routing criteria provided by the physician.  (Ex. B, Decision on Appeal, p. 4)

**Response**: **Undisputed.**

123.   Based on the decision of the Board, the examiner issued a notice of allowance of appealed claims 1, 16, and 31.  (Ex. I, Notice of Allowability, p. 1)

**Response**: **Undisputed.**

124.   The examiner's statement of reasons for allowance was: [t]he PBAI reversed the Examiner's Rejection of the claims of Loeb in view of Wright for failing to teach "routing a message by determining information content and routing criteria provided by the physician". (Ex. I, Notice of Allowability, p. 2)

**Response**: **Undisputed.**

125.   Following the notice of allowance, the '523 patent issued April 20, 2010.  (Ex. A, '523 patent)

**Response**: **Undisputed.**

126.   In 1999 Mars Medical Systems, Inc. ("Mars Medical") an Arizona corporation, developed a browser-based medical management system identified as NetPractice Manager ("NetPractice") under the leadership of Mark H. Conner, president of Mars Medical.  (Conner Decl. ¶¶2, 3)

**Response**:

*Objection*.  **The evidence cited to support the statement above is untimely and inadmissible and is interested testimony without documentary corroboration.  Fed.R.Civ.P.**

56(c)(2).  The statement is also irrelevant and therefore inadmissible.  Fed.R.Evid. 402.
Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial
disclosures or interrogatory responses, nor were those disclosures or interrogatory
responses ever supplemented.  Fed.R.Civ.P. 26(e)(1).  Additionally, the statement above
does not create a genuine dispute of material fact on which to deny 523 IP's Motion for
Summary Judgment.

127.  The core product of NetPractice was a browser-based practice management system
that provides patient appointment and resource scheduling for a single or multi-provider/location
practice.  (Conner Decl. ¶8)

**Response**:

*Objection*.  The evidence cited to support the statement above is untimely and
inadmissible and is interested testimony without documentary corroboration.  Fed.R.Civ.P.
56(c)(2).  The statement is also irrelevant and therefore inadmissible.  Fed.R.Evid. 402.
FurtherMr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial
disclosures or interrogatory responses, nor were those disclosures or interrogatory
response ever supplemented.  Fed.R.Civ.P. 26(e)(1).  Additionally, the statement above does
not create a genuine dispute of material fact on which to deny 523 IP's Motion for
Summary Judgment.

*Disputed*.  While the Conner affidavit purported to state "Noteworthy practiced
software substantially identical to the invention disclosed in the '523 patent as early as
February 2000," CureMD failed to produce either the supposedly invalidating old software
(or its source code) or the current software (or its source code) and both the testimony and
the hearsay marketing documents failed to demonstrate the limitations of claim 31 are
present.

128.  Within NetPractice were provided a number of suites of products including NetSchedule, NetCollections, and NetTools, which includes WebPractice Manager ("WebPractice"), a secure web-browser interface for patient-provider communication. (Conner Decl. ¶9)

**Response:**

*Objection.*  **The evidence cited to support the statement above is untimely and inadmissible and is interested testimony without documentary corroboration.  Fed.R.Civ.P. 56(c)(2).  The statement is also irrelevant and therefore inadmissible.  Fed.R.Evid. 402. Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory responses ever supplemented.  Fed.R.Civ.P. 26(e)(1).  Fed.R.Civ.P. 26(e)(1).  Additionally, the statement above does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

*Disputed.*  **While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.**

129.  The WebPractice product is an Internet browser-based secure interface that allows patients to communicate with their health care providers.  (Conner Decl. ¶¶10,11)

**Response:**

*Objection.*  **The evidence cited to support the statement above is untimely and inadmissible and is interested testimony without documentary corroboration.  Fed.R.Civ.P. 56(c)(2).  The statement is also irrelevant and therefore inadmissible.  Fed.R.Evid. 402. Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory**

responses ever supplemented. Fed.R.Civ.P. 26(e)(1). Additionally, the statement above does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

*Disputed.* While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.

130. WebPractice was developed in the third and fourth quarters of 1999 and a beta version was released in February 2000. (Conner Decl. ¶¶10, 11)

**Response:**

*Objection.* The evidence cited to support the statement above is untimely and inadmissible and is interested testimony without documentary corroboration. Fed.R.Civ.P. 56(c)(2). The statement is also irrelevant and therefore inadmissible. Fed.R.Evid. 402. Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory responses ever supplemented. Fed.R.Civ.P. 26(e)(1). Fed.R.Civ.P. 26(e)(1). Additionally, the statement above does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

*Disputed.* While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.

66

131.   Mars Medical announced the launch of the NetPractice and WebPractice products in its February 16, 2000 newsletter.  (Conner Decl. ¶13)

**Response**:

*Objection*.   The evidence cited to support the statement above is untimely and inadmissible and is interested testimony without documentary corroboration.  Fed.R.Civ.P. 56(c)(2).  The statement is further untimely as it is based on evidence never produced prior to CureMD's Summary Judgment Motion.  Fed.R.Civ.P. 56(c)(2).  The statement is also irrelevant and therefore inadmissible.  Fed.R.Evid. 402.  Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory responses ever supplemented.  Fed.R.Civ.P. 26(e)(1).  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802. Additionally, the statement above does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

*Disputed*.   While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.

132.   During the period March through June 2000, Mars Medical demonstrated the WebPractice product to attendees at a number of business development conferences and conventions throughout the United States.  (Conner Decl. ¶¶14, 15)

**Response:**

*Objection*.   **The evidence cited to support the statement above is untimely and inadmissible and is interested testimony without documentary corroboration.  Fed.R.Civ.P. 56(c)(2).  The statement is further untimely as it is based on evidence never produced prior to CureMD's Summary Judgment Motion.  Fed.R.Civ.P. 56(c)(2).  The statement is also irrelevant and therefore inadmissible.  Fed.R.Evid. 402.  Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory responses ever supplemented.  Fed.R.Civ.P. 26(e)(1).  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802. Additionally, the statement above does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

*Disputed*.   **While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.**

133.   On September 9, 2000 Mars Medical sold the WebPractice product to Southwest Physicians Network of Tucson, Arizona; Idaho Cardiology Associates of Boise, Idaho; and Thunderbird Internal Medicine of Glendale, Arizona.  (Conner Decl. ¶¶19-21)

**Response**:

*Objection*.   **The evidence cited to support the statement above is untimely and inadmissible and is interested testimony without documentary corroboration.  Fed.R.Civ.P. 56(c)(2).  The statement is further untimely as it is based on evidence never produced prior to CureMD's Summary Judgment Motion.  Fed.R.Civ.P. 56(c)(2).  The statement is also irrelevant and therefore inadmissible.  Fed.R.Evid. 402.  Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory responses ever supplemented.  Fed.R.Civ.P. 26(e)(1).  The statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802. Additionally, the statement above does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

*Disputed*.   **While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.**

134. Sales by Mars Medical of the NetPractice and WebPractice products continued from first sales in 2000 up to 2007 when Noteworthy Medical Systems, Inc. ("Noteworthy") purchased Mars Medical. (Conner Decl. ¶¶2-12)

**Response:**

*Objection.* **The evidence cited to support the statement above is untimely and inadmissible and is interested testimony without documentary corroboration. Fed.R.Civ.P. 56(c)(2). The statement is further untimely as it is based on evidence never produced prior to CureMD's Summary Judgment Motion. Fed.R.Civ.P. 56(c)(2). The statement is also irrelevant and therefore inadmissible. Fed.R.Evid. 402. Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures ever supplemented. Fed.R.Civ.P. 26(e)(1). Additionally, the statement above does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

*Disputed.* **While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.**

135. Subsequent to the acquisition of Mars Medical, Noteworthy continued the sale of the WebPractice product having the same functionality as the WebPractice and NetPractice product sold in 2000. (Conner Decl. ¶¶2-12)

**Response:**

*Objection.* **The evidence cited to support the statement above is untimely and inadmissible and is interested testimony without documentary corroboration. Fed.R.Civ.P. 56(c)(2). The statement is further untimely as it is based on evidence never produced prior to CureMD's Summary Judgment Motion. Fed.R.Civ.P. 56(c)(2). The statement is also**

irrelevant and therefore inadmissible. Fed.R.Evid. 402. Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures ever supplemented. Fed.R.Civ.P. 26(e)(1). Additionally, the statement above does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

*Disputed.* While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.

136.   CompuGroup Medical acquired Noteworthy and continues to sell the WebPractice product.  (Conner Decl. ¶¶4, 22)

**Response:**

*Objection.*   The evidence cited to support the statement above is untimely and inadmissible and is interested testimony without documentary corroboration. Fed.R.Civ.P. 56(c)(2). The statement is further untimely as it is based on evidence never produced prior to CureMD's Summary Judgment Motion. Fed.R.Civ.P. 56(c)(2). The statement is also irrelevant and therefore inadmissible. Fed.R.Evid. 402. Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory responses ever supplemented. Fed.R.Civ.P. 26(e)(1). Additionally, the statement above does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

*Disputed.* While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as

February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.

137.   The NetPractice and WebPractice products were made, publicly used, and sold by Mars Medical prior to April 3, 2001.  (Conner Decl. ¶¶12-21)

**Response**:

*Objection*.   **The evidence cited to support the statement above is untimely and inadmissible and is interested testimony without documentary corroboration.  Fed.R.Civ.P. 56(c)(2).  The statement is further untimely as it is based on evidence never produced prior to CureMD's Summary Judgment Motion.  Fed.R.Civ.P. 56(c)(2).  The statement is also irrelevant and therefore inadmissible.  Fed.R.Evid. 402.  Further, Mr. Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory responses ever supplemented.  Fed.R.Civ.P. 26(e)(1).  The statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).  Additionally, the statement above does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

*Disputed*.   **While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.**

138.  The NetPractice and WebPractice products are prior art to the '523 patent and are relevant to a determination of invalidity of the '523 patent including independent claims 1, 16, and 31.  (Conner Decl. ¶¶12-21)

**Response**:

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  The statement is further untimely as it is based on evidence never produced prior to CureMD's Summary Judgment Motion.  Fed.R.Civ.P. 56(c)(2).  Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatories, nor were those disclosures or interrogatory responses ever supplemented. Fed.R.Civ.P. 26(e)(1).  Conner has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   Further, the statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a).  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.**

*Disputed.*  **Contrary to CureMD's characterization of Mr. Conner's uncorroborated, interested, untimely, and inadmissible declaration, the NetPractice and WebPractice products are not relevant to the determination of validity of the '523 Patent because there is no admissible evidence that either product invalidates the '523 Patent under §§ 102 or 103.   Further, while the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software**

or the current software (or source code) and both the testimony and the hearsay marketing

documents failed to demonstrate the limitations of claim 31 are present.  Mr. Conner's

inadmissible and incompetent statements do not create a genuine dispute of material fact

on which to deny 523 IP's Motion for Summary Judgment.

139.   In a letter dated April 6, 2011 addressed to Paul Ruffin, President and CEO of Noteworthy Medical Systems, Inc., counsel for Mr. Sameh and 523 IP advised that it was their opinion that Noteworthy is using the patented technology of the '523 patent through some or all of the functionality provided in Noteworthy's web site and patient portal ("the NMS portal"). (Conner Decl. ¶24)

**Response: Undisputed, that the letter advised that it was 523 IP's opinion that the *2011***

**Noteworthy product was using the patented technology of the '523 Patent.**

140.   In the April 6, 2011 letter 523 IP alleged that the NPS portal uses the technology of claim 31 in the '523 patent.  (Conner Decl. ¶23)

**Response: Undisputed, that the letter advised that it was 523 IP's opinion that the *2011***

**Noteworthy product was using the patented technology of the '523 Patent.**

141.   The April 6, 2011 letter included a claim chart that applied the seven elements of claim 31 to Noteworthy's patient portal technology.  (Conner Decl. ¶24)

**Response: Undisputed, that the letter included a *preliminary* claim chart that applied the**

**elements of Claim 31 to the Noteworthy product, however, much of this chart was based on**

**inferences from what was then seen on the Noteworthy website.**

142.   In response to the 523 IP letter of April 6, 2011 accusing Noteworthy of infringing the '523 patent, Noteworthy's counsel responded by advising that Noteworthy's use of the invention in the '523 patent predated the filing date of the application for the '523 patent. (Conner Decl. ¶29)

**Response:**

*Objection*.   **The evidence cited to support the statement above is untimely and**

**inadmissible and is interested testimony without documentary corroboration.  Fed.R.Civ.P.**

**56(c)(2).  The statement is also irrelevant and therefore inadmissible.  Fed.R.Evid. 402.**

Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory resposnes ever supplemented.  Fed.R.Civ.P. 26(e)(1).  Additionally, the statement above does not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.  To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay.  Fed.R.Evid. 802.

*Disputed.*  While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.

143.  Noteworthy's counsel forwarded to 523 IP's counsel the affidavit of March H. Conner setting forth facts that established that Noteworthy practiced an invention substantially identical to the invention disclosed in the '523 patent as early as February 2000.  (Conner Decl. ¶30)

**Response:**

*Objection.*  The cited statement is not supported by admissible evidence.  Fed.R.Civ.P. 56(c)(2).  Conner has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  Further, Mr. Conner was not disclosed as part of

CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory responses ever supplemented.  Fed.R.Civ.P. 26(e)(1).

*Disputed.*   While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.

144.  Mr. Conner in his affidavit stated that Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000. (Conner Decl. ¶31)

**Response:**

*Objection.*   The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Conner has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures, nor were those disclosures ever supplemented.  Fed.R.Civ.P. 26(e)(1).

*Disputed.*   While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.

145.   Mr. Conner's declaration described how the features of the NetPractice/WebPractice product corresponded to each and every element of claim 31 of the '523 patent.  (Conner Decl. ¶¶32, 33)

**Response:**

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Conner has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.    Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory responses ever supplemented.  Fed.R.Civ.P. 26(e)(1).**

*Disputed.*  **While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.**

146.  Noteworthy's counsel sent Mr. Conner's affidavit to 523 IP's counsel on August 18, 2012.  (Conner Decl. ¶34)

**Response:**

*Objection.*   **The cited evidence does not support the statement.    Fed.R.Civ.P 56(c)(1)(B).**

147. After August 18, 2012, Noteworthy received no further demands or communications from 523 IP or its counsel regarding Noteworthy's infringement of claim 31 of the '523 patent or offer to resolve the claim of infringement.  (Conner Decl. §34)

**Response: Undisputed.**

148.  523 IP has ceased pursuing its claim against Noteworthy.  (Conner Decl. ¶34)

**Response:**

*Objection*.  **The cited evidence does not support the statement.   Fed.R.Civ.P 56(c)(1)(B).   Mr. Conner's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment. Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures or interrogatory responses, nor were those disclosures or interrogatory responses ever supplemented.  Fed.R.Civ.P. 26(e)(1).  Nor does Mr. Conner have personal knowledge to that fact.  Fed.R.Evid. 602.**

149.  The April 6, 2011 letter from 523 IP accusing Noteworthy of infringing the '523 patent included a claim chart applying claim 31 to at least seven (7) elements of the Noteworthy NMS portal.  (Conner Decl. ¶24)

**Response: Undisputed.**

150.  The claim chart provided with the April 6, 2011 letter from 523 IP includes seven (7) screen captures from Noteworthy's web site and captured images from a customer's demonstration of the NMS portal.  (Conner Decl. ¶25)

**Response: Undisputed.**

151.  The screen captures and demonstration images of the NMS portal shown in the claim chart enclosed with the April 6, 2011 letter disclose all of the seven (7) elements of claim 31.  (Conner Decl. ¶26)

**Response:**

*Disputed*.  **While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," both the testimony and the hearsay marketing documents failed to demonstrate the limitations are present.**

152.   The NMS portal product as shown in the claim chart attached to the April 6, 2011 letter from 523 IP, corresponds to the WebPractice product that was made and sold in the United States by Mars Medical prior to 2001.  (Conner Decl. ¶27)

**Response:**

*Objection.*   **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   In particular, 523 IP objects to the cited declaration as it not based on facts admissible in evidence.   Fed.R.Civ.P. 56(c)(4).    Mr. Conner's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.   Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures, nor were those disclosures ever supplemented.   Fed.R.Civ.P. 26(e)(1).**

*Disputed.*    **While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.**

153.   The pre-2001 NetPractice/WebPractice product made and sold by Mars Medical included all the elements as defined by claim 31 and, therefore, as prior art anticipates claim 31 and renders it invalid.  (Conner Decl. ¶¶32,33)

<u>**Response:**</u>

*Objection.*   **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Conner has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   Further, Mr. Conner was not disclosed as part of**

CureMD's Fed.R.Civ.P. 26(a) initial disclosures, nor were those disclosures ever supplemented. Fed.R.Civ.P. 26(e)(1). The statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a). Mr. Conner's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

*Disputed.* While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.

154. A product information and demonstration CD was produced in 2001 and contains a video recording made by Mr. Conner on November 23, 2000 demonstrating the WebPractice product. (Conner Decl. ¶¶37, 38)

**Response**:

*Objection.* The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2). Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures, nor were those disclosures ever supplemented. Fed.R.Civ.P. 26(e)(1). The statement contains more than one purported fact, in violation of Local Civil Rule 56.1(a). To the extent that CureMD is relying upon the statements made in the cited evidence and supporting exhibits to prove the truth of any matter asserted, 523 IP objects to the cited declaration and exhibit referenced therein as containing inadmissible hearsay. Fed.R.Evid. 802. Mr. Conner's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

*Disputed.*  **CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.**

155. The WebPractice product illustrated in the production information and demonstration CD includes all the elements of claim 31.  (Conner Decl. ¶38)

**Response:**

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Conner has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures, nor were those disclosures ever supplemented.  Fed.R.Civ.P. 26(e)(1).  Mr. Conner's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

*Disputed.*  **While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.**

156. Mr. Conner compared the elements defined in claim 31 with the elements in the pre-2001 NetPractice/WebPractice product. (Conner Decl. ¶39)

**Response:**

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2). Conner has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this point inadmissible. Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701. Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage. Further, Mr. Conner was not disclosed as part of CureMD's Fed.R.Civ.P. 26(a) initial disclosures, nor were those disclosures ever supplemented. Fed.R.Civ.P. 26(e)(1). Mr. Conner's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

*Disputed.* **While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.**

157. Based on the comparison of the elements of claim 31 of the '523 patent with the content of the pre-2001 NetPractice/WebPractice product, Mr. Conner determined that all of the elements of claim 31 existed in the NetPractice/WebPractice product that was made and sold by Noteworthy in the United States prior to April 2001. (Conner Decl. ¶40).

**Response:**

*Objection.* **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2). Conner has not been qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues making his testimony on this**

point inadmissible.  **Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.**  Also, pursuant to **Fed.R.Civ.P. 16, 26, 37** and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.  Further, Mr. Conner was not disclosed as part of CureMD's **Fed.R.Civ.P. 26(a)** initial disclosures, nor were those disclosures ever supplemented.  **Fed.R.Civ.P. 26(e)(1).**  Mr. Conner's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

*Disputed.*  While the Conner affidavit purported to state "Noteworthy practiced software substantially identical to the invention disclosed in the '523 patent as early as February 2000," CureMD failed to produce either the supposedly invalidating old software or the current software (or source code) and both the testimony and the hearsay marketing documents failed to demonstrate the limitations of claim 31 are present.

158.  CureMD was formed in 1999 in New York City.  Kamal Hashmat was one of the founders and Chief Executive Officer.  (Ex. J, K. Hashmat Dep. 7:4-25, 8:1-23)

**Response**: **Undisputed.**

159.  CureMD was founded with the mission of providing medical office solutions in one system for doctors.  (Ex. J, K. Hashmat Dep. 9:12-22)

**Response**: **Undisputed.**

160.  CureMD first developed the All-In-One product in 1999 as a suite of products for performing billing, scheduling, and electronic medical records in a doctor's medical practice.  (Ex. L, K. Hashmat Dep. 10:14-25, 11:1-22)

**Response**: **Undisputed.**

161.  Patient Portal is one of the products in the All-In-One suite of products and was first made available to customers in the 2000/2001 timeframe.  (Ex. M, K. Hashmat Dep. 23:14-21, 44:6-9).

**Response**:

*Objection*.    The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).

*Disputed*.    CureMD issued a press release on April 17, 2007, entitled "CureMD Enhances Doctor-Patient Collaboration Through Its New Patient Portal." *See* Ex. '16' at 58-59:1-12 (Hashmat Dep.).  This 2007 "New Patient Portal" product infringes claim 31 of the '523 Patent – not the 2000/2001 referenced above.

162.   The Patient Portal product has a "sticky note" functionality.  (Ex. N, K. Hashmat Dep. 23:14-21, 48:18-22, 63:2-21)

**Response:**

*Objection*.    The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.    Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.    Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.

*Disputed*.    Contrary to the characterization in CureMD's statement and Mr. Hashmat's deposition, not every staff member can see every message as they could if the messages were sticky notes on a bulletin board.  *See* Ex. '2' ¶ 75.  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

163.   Operation of Patient Portal is equivalent to the functionality of a "sticky note" where a message is written to a doctor and placed in the doctor's inbox where there is no electronic notification to the doctor that he has received a message unlike an email messaging system. (Ex. O, K. Hashmat Dep. 63:2-21)

**Response:**

*Objection.*   **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.**

*Disputed.*   **Contrary to the characterization in CureMD's statement and Mr. Hashmat's deposition, not every staff member can see every message as they could if the messages were sticky notes on a bulletin board.   *See* Ex. '2' ¶ 75.   Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

164.   The source code that provided the sticky note functionality for patient portal was written beginning in 2000. (Ex. P, K. Hashmat Dep. 57:16-24)

**Response:**

*Objection.*   **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).   Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.**

*Disputed*.   **Contrary to the characterization in CureMD's statement and Mr. Hashmat's deposition above, not every staff member can see every message as they could if the messages were sticky notes on a bulletin board.  *See* Ex. '2' ¶ 75.  Additionally, CureMD issued a press release on April 17, 2007, entitled "CureMD Enhances Doctor-Patient Collaboration Through Its New Patient Portal."  *See* Ex. '16' at 58-59:1-12 (Hashmat Dep.).  This 2007 Patient Portal product infringes claim 31 of the '523 Patent. Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

165.  The delivery of a message from a patient to a doctor using Patient Portal functions as an inbox in an office with no routing operation performed.  (Ex. Q, K. Hashmat Dep. 65:2-16)

**Response:**

*Objection*.   **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.**

*Disputed*.   **Contrary to the characterization in CureMD's statement and Mr. Hashmat's deposition above, the Patient Portal does engage in routing, which is evidenced by the fact that only staff members with specific privilege can see specific messages.  *See* Dkt. #54 p. 11-13 (523 IP Motion); Ex. '2' ¶¶ 74-77 (Sameh Report); Ex '9' at 56 (Clinical User Guide).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

166.   Esif Rashid, a CureMD employee, was the product manager for writing the source code for the Patient Portal product in early 2000.  (Ex. R, K. Hashmat Dep. 150:21-25, 151:1-25, 152:1-10)

**Response:**

*Objection.*   **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.**

*Disputed.*   **CureMD issued a press release on April 17, 2007, entitled "CureMD Enhances Doctor-Patient Collaboration Through Its New Patient Portal."** *See* **Ex. '16' at 58-59:1-12 (Hashmat Dep.).  This 2007 Patient Portal product infringes claim 31 of the '523 Patent.  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

167.   The functionality of the source code that was first written for Patient Portal is the same functionality as the source code for Patient Portal currently in use.  (Ex. S, K. Hashmat Dep. 152:15-25, 153:1-25, 154:1-8, 177:1-25, 178:1-20)

**Response:**

*Objection.*   **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.   Mr. Hashmat's inadmissible**

and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

*Disputed*.   CureMD issued a press release on April 17, 2007, entitled "CureMD Enhances Doctor-Patient Collaboration Through Its New Patient Portal." *See* Ex. '16' at 58-59:1-12 (Hashmat Dep.).  This 2007 Patient Portal product infringes claim 31 of the '523 Patent.  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

168.  The Patient Portal product does not infringe claim 31 because Patient Portal does not provide the feature of routing of messages.  (Ex. T, K. Hashmat Dep. 156:10-25, 157:1-9)

**Response**:

*Objection*.   The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  ).  Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.

*Disputed*.   Contrary to the characterization in CureMD's statement and Mr. Hashmat's deposition, the Patient Portal does engage in routing, which is evidenced by the fact that only staff members with specific privilege can see specific messages.  *See* Dkt. #54 p. 11-13 (523 IP Motion); Ex. '2' ¶¶ 74-77 (Sameh Report); Ex '9' at 56 (Clinical User Guide).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact.  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

169.  The Patient Portal product does not perform the function of criteria provided by the physician for routing messages to each of the plurality of message destinations.  (Ex. U, K. Hashmat Dep. 161:11-24, 162:1-9)

**Response:**

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  ).  Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P.  56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.**

*Disputed.*   **Contrary to the characterization in CureMD's statement and Mr. Hashmat's deposition above, the Patient Portal does engage in routing, which is evidenced by the fact that only staff members with specific privilege can see specific messages.  *See* Dkt. #54 p. 11-13 (523 IP Motion); Ex. '2' ¶¶ 74-77 (Sameh Report); Ex '9' at 56 (Clinical User Guide).  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact.  Mr. Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

170.  The Patient Portal product does not include a downloaded form.  (Ex. V, K. Hashmat Dep. 162:3-9)

**Response:**

*Objection.*  **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  ).  Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P.  56(c)(4), Fed.R.Evid. 701.   Also,**

pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.

*Disputed.*   Contrary to the characterization in CureMD's statement and Mr. Hashmat's deposition above, the Patient Portal does contain a form and infringes elements 4 and 5 of the '523 patent. *See* Dkt. #54 p. 11-13 (523 IP Motion); Ex. '2' at Claim Chart p. 4-5 (Sameh Report).  Furthermore, Mr. Hashmat himself points out the presence of a form in the "Application workflow" stating "the patient composes a message on a form addressed to a practice user." *See* Hashmat Decl. ¶ 27.  Additionally, SUMF 35 above admits CureMD's system contains a "form."  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

171.  Patient Portal does not have a content processor as defined by claim 31.  (Ex. W, K. Hashmat Dep. 162:22-25, 163:1-13)

**Response**:

*Objection.*   The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  ).  Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.

*Disputed.*   Contrary to the characterization in CureMD's statement and Mr. Hashmat's deposition, a determination of the message information content allows the message to categorized.   After the content is categorized, the Patient Portal engages in routing the message to the proper destination, which is evidenced by the fact that only staff

90

members with specific privilege can see specific messages. *See* **Ex. '2' ¶ 83 (Sameh Report);**
**Ex '9' at 56 (Clinical User Guide).     Mr. Hashmat's inadmissible and incompetent**
**statements do not create a genuine dispute of material fact on which to deny 523 IP's**
**Motion for Summary Judgment.**

172.  The "sticky note" functionality of Patient Portal does not have the functionality of a
content processor as defined by claim 31.  (Ex. X, K. Hashmat Dep. 163:14-25, 164: 1-25,
165:1-14)

**Response**:

*Objection*.  **The   cited   statement   is   not   supported   by   admissible   evidence.**
**Fed.R.Civ.P. 56(c)(2).  ).  Mr. Kamal Hashmat was not qualified as an expert pursuant to**
**Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his**
**testimony on this point inadmissible.     Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.     Also,**
**pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from**
**disclosing or relying upon any expert testimony at this stage.**

*Disputed*.     **Contrary   to   the   characterization   in   CureMD's   statement   and   Mr.**
**Hashmat's deposition, a determination of the message information content allows the**
**message to categorized.   After the content is categorized, the Patient Portal engages in**
**routing the message to the proper destination, which is evidenced by the fact that only staff**
**members with specific privilege can see specific messages. *See* Ex. '2' ¶ 83 (Sameh Report);**
**Ex '9' at 56 (Clinical User Guide).     Mr. Hashmat's inadmissible and incompetent**
**statements do not create a genuine dispute of material fact on which to deny 523 IP's**
**Motion for Summary Judgment.**

173.  The Patient Portal product does not infringe claim 31 because it does not have a routing processor.  (Ex. Y, K. Hashmat Dep. 166:1-25, 167:1-14)

**Response:**

*Objection*. **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  ).  Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his testimony on this point inadmissible.  Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.  Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.**

*Disputed*.  **Contrary to the characterization in Mr. Hashmat's statement, the Patient Portal determines the content of the message in order to determine the message destination. The patient selects a staff member, but the routing of the message is conducted through the role and privileges assigned to that staff member.  *See* Ex. '2' at Claim Chart p. 6-9 (Sameh Report).  Further, contrary to Mr. Hashmat's statement above, not every staff member can see every message as they could if the messages were sticky notes on a bulletin board.  *See* Ex. '2' ¶ 75.  Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.**

174.  On September 11, 2013 Kamal Hashmat at his deposition conducted a demonstration of the operation of the Patient Portal product before Mr. Sameh and his counsel in which the demonstration established that the Patient Portal product does not infringe claim 31. (Ex. Z, K. Hashmat Dep. 168:18-25, 169:1-25, 170:1-25, 171:1-25, 172:1-25, 173:1-25, 174:1-25, 175:1-25, 176:1-25, 177:1-12)

**Response:**

*Objection*. **The cited statement is not supported by admissible evidence. Fed.R.Civ.P. 56(c)(2).  ).  Mr. Kamal Hashmat was not qualified as an expert pursuant to Fed.R.Evid. 702 and thus is not qualified to opine on infringement issues, making his**

testimony on this point inadmissible.   Fed.R.Civ.P. 56(c)(4), Fed.R.Evid. 701.   Also, pursuant to Fed.R.Civ.P. 16, 26, 37 and Judge Pauley's order, CureMD is barred from disclosing or relying upon any expert testimony at this stage.

*Disputed.* Contrary to the characterization in Mr. Hashmat's statement, the Patient Portal Product does infringe the '523 Patent and all of the elements of claim 31 are present in the Patient Portal product.   *See* Dkt. #54 p. 7-15 (523 IP Motion); Ex. '2' Claim Chart p. 1-11 (Sameh Report).   Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact.   Mr. Hashmat's inadmissible and incompetent statements do not create a genuine dispute of material fact on which to deny 523 IP's Motion for Summary Judgment.

Dated: April 25, 2014
       New York, NY

Respectfully Submitted,

DRINKER BIDDLE & REATH

By: _____
        Clay J. Pierce

1177 Avenue of the Americas
41st Floor
New York, NY 10036
Tel:  (212) 248-3186
Clay.Pierce@dbr.com

-and-

Kenneth K. Dort
 (admitted *pro hac vice*)
Patrick J. Kelleher
 (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive
Suite 3700
Chicago, IL  60606-1698
Tel: (312) 569-1000
Kenneth.Dort@dbr.com
Patrick.Kelleher@dbr.com

*Counsel for Plaintiff 523 IP LLC*